1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JON E. HOKANSON, SB# 118829
2 | E-Mail: hokanson@lbbslaw.com
DANIEL R. LEWIS, SB# 260106
3 | E-Mail: drlewis@lbbslaw.com
221 North Figueroa Street, Suite 1200
4 | Los Angeles, California 90012
Telephone: 213.250.1800
5 | Facsimile: 213.250.7900

6 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
ALAN J. HAUS, SB# 111566
7 | E-Mail: haus@lbbslaw.com
One Sansome Street, Suite 1400
8 | San Francisco, CA 94104
Telephone:415.362.2580
9 | Facsimile: 415.434.0882

10 | *Attorneys for Defendants* EFORCITY
CORPORATION, ACCSTATION INC.,
11 | ITRIMMING INC., and
EVERYDAYSOURCE INC.

12

13 | **UNITED STATES DISTRICT COURT**

14 | **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EFORCITY CORPORATION, a California corporation; ACCSTATION INC., a California corporation; ITRIMMING INC., a California corporation; EVERYDAYSOURCE INC., a California corporation; UNITED INTEGRAL INC., a California corporation; CRAZYONDIGITAL, INC., a California corporation; and BOXWAVE CORPORATION, a Nevada corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. CV 10-03216 JF<br>*Honorable Jeremy Fogel*<br><br>**DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC., ITRIMMING INC. AND EVERYDAYSOURCE INC'S NOTICE OF AND FIRST MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: March 18, 2011<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 3<br><br>TRIAL DATE: None Set |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | **TO ALL PARTIES, AND ALL COUNSEL OF RECORD HEREIN:**

2 |    **PLEASE TAKE NOTICE** that on Friday, March 18, 2011, at 9:00 a.m. in

3 | Courtroom 3 of the United States District Court for the Northern District of California,

4 | San Jose Division, Defendants EFORCITY CORPORATION, ACCSTATION INC.,

5 | ITRIMMING INC. and EVERYDAYSOURCE INC., will move and hereby do move

6 | the court for an order striking the following portions of Plaintiff's Complaint:

7 | As one consumer remarked:

8 | Stay away from this one!!! This product is garbage. First one I received was defective and did not charge my 3G Ipod, but instead like some other people have said, drained my battery to

9 | the point my ipod would not even turn on. Second one I received as a replacement did the same exact thing. Lesson

10 | learned for me so next potential buyer beware.

11 | Complaint, ¶ 4.

12 |    This motion is made on the grounds that above allegation is immaterial,

13 | impertinent and scandalous, and is thus prohibited as a matter of law pursuant to Rule

14 | 12(f), Federal Rules of Civil Procedure.

15 |    This motion will be based on the Notice, the attached Memorandum of Points

16 | and Authorities, the pleadings and records on file and such oral and documentary

17 | evidence as may be presented at the time of the hearing.

18 |

19 | DATED: January 12, 2011          JON E. HOKANSON

20 |                                  ALAN J. HAUS
     |                                  DANIEL R. LEWIS
     |                                  LEWIS BRISBOIS BISGAARD & SMITH LLP

21 |

22 |

23 |                                  By: /s/ Jon E. Hokanson
     |                                      JON E. HOKANSON
     |                                      *Attorneys for Defendants* EFORCITY

24 |                                      CORPORATION, ACCSTATION INC.,
     |                                      ITRIMMING INC. AND

25 |                                      EVERYDAYSOURCE INC.

26 |

27 |

28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# I.   INTRODUCTION AND STATEMENT OF FACTS

On July 22, 2010, Apple, Inc. ("Apple"), filed a Complaint for patent infringement, trademark infringement and unfair competition against seven entities including EForCity Corporation, Accstation Inc., Itrimming Inc., Everydaysource Inc., (collectively the "EForCity Defendants"), United Integral Inc., Crazyondigital Inc. and Boxwave Corporation (all seven entities collectively, "Defendants"). Apple distributes and sells three products under the marks, iPad, iPhone and iPod ("Apple's Products"). Apple alleges that the Defendants have distributed or sold various accessory devices to Apple's Products without Apple's authorization, thus infringing several of its intellectual property rights.

Paragraph four of Apple's complaint states, in pertinent part that,

> …Defendants manufacture, distribute and/or sell accessories… that are not licensed or otherwise sponsored by Apple… Many are of inferior quality and reliability, raising significant concerns over compatibility with, and damage to Apple's products. As one consumer remarked: [stop]
>
> Stay away from this one!!! This product is garbage. First one I received was defective and did not charge my 3G Ipod, but instead like some other people have said, drained my battery to the point my ipod would not even turn on. Second one I received as a replacement did the same exact thing. Lesson learned for me so next potential buyer beware.

Complaint, ¶ 4.

The alleged consumer's alleged remarks in the latter half of paragraph four of the Complaint are impertinent, immaterial and scandalous, and should therefore be stricken from Apple's Complaint.

# II.   LEGAL ANALYSIS

## A.   This Court Has the Authority to Grant Defendant's Motion Pursuant to FRCP 12(f)

Rule 12(f), Federal Rules of Civil Procedure, provides that the Court may strike any redundant, immaterial, impertinent, or scandalous matter. Moreover, the District Courts possess "liberal discretion" to strike material from pleadings that is redundant, immaterial, impertinent, or scandalous. *Stanbury Law Firm, PA v. Internal Revenue*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | *Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000); Fed. R. Civ. Pro. 12(f) (2002).

2 | "Immaterial" matters are those which have no essential or important relationship
3 | to the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogerty*, (9th Cir.
4 | 1993) 984 F.2d 1524, 1527, overruled on other grounds *Fogerty v. Fantasy, Inc.*, 510
5 | U.S. 517; *Burke v. Mesta Mach. Co., supra*.

6 | "Impertinent" matter consists of any allegation not responsive or relevant to the
7 | issues involved in the action. *Burke v. Mesta Mach. Co., supra*; *Schenley Distillers*
8 | *Corp. v. Renken* (D.C. S.C. 1940) 34 F. Supp. 678, 684; *Harrison v. Perea*, (1897) 168
9 | U.S. 311, 318-319. According to Rule 401, Federal Rules of Evidence, "[r]elevant
10 | evidence means evidence having any tendency to make the existence of any fact that is
11 | of consequence to the determination of the action more probable or less probable than it
12 | would be without the evidence."

13 | "Scandalous" material, by contrast, is "that which 'casts an adverse light on the
14 | character of an individual or party.'" *Nault's Auto. Sales v. American Honda Motor*
15 | *Co.*, 148 F.R.D. 25, 30 (D.N.H. 1993) (quoting *Alvarado Morales v. Digital Equipment*
16 | *Corp.*, 669 F. Supp. 1173, 1186 (D. Puerto Rico 1987)). Even if relevant, scandalous
17 | matter shall be stricken if stated in unnecessary detail. See *Id.*; see also *Fed. R. Civ. P.*
18 | 12(f); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

19 | **B.    The Alleged "Consumer's Remark" In Paragraph Four of the**
20 | **Complaint Should Be Stricken as Immaterial, Impertinent and**
   | **Scandalous.**
21 |
22 | The quote purported to be from a purchaser of an unauthorized Apple accessory
23 | product is precisely the type of statement which this Court should strike as being
   | irrelevant, impertinent and scandalous. There is no indication that the unnamed speaker
24 |
25 | was talking about any of the products at issue in this case, and there is no indication of
26 | which of the seven defendants was the subject of the remark. The quoted passage in
27 | paragraph four of Apple's complaint serves no purpose other than to cast all of the
28 | Defendants and all of their products in a negative light when the passage refers to only

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-8295-8855.1     4     CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC'S NOTICE OF AND FIRST MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   one product which may or may not have been associated with any of the Defendants.

2   Not only is the quote unattributed to a particular speaker, there is no mention of to what

3   product the quote is referring.  The quote also fails to refer to a product distributed by

4   any of the Defendants or to a product and/or an entity not a party to the present civil

5   action.

6       Even if Apple did amend its complaint to afford attribution and context to the

7   consumers quote, it would still contain immaterial, impertinent and scandalous

8   allegations because the only purpose for this quote is to attempt to disparage

9   Defendants' products and Defendants themselves.   This type of libel is strictly

10  prohibited.  As stated in *Sokolsky v. Rostron*, 2009 U.S. Dist. LEXIS 75414 (E.D. Cal.

11  Aug. 24, 2009), "[t]he federal courts do not provide a forum for mudslinging, name

12  calling and 'privileged' defamation," *citing, Alvarado Morales v. Digital Equipment*

13  *Corp.*, 669 F. Supp. 1173, 1187 (D.P.R. 1987).

14          **1.      The Quote is Immaterial Because the Effectiveness of the**
15                  **Defendants Products Have no Bearing on Apple's**
                    **Claims for Relief**
16

17      The quote is immaterial because it has no essential or important relationship to

18  any claim for relief.  Apple is claiming that Defendants products are infringing its

19  intellectual property rights.  Each of these three bodies of law has its own well settled

20  tests for infringement.  None of those infringement tests contain any inquiry on whether

21  an accused product is "garbage" or "defective".   Therefore, any allegation that

22  Defendants' products are "garbage", "defective" or "of inferior quality and reliability"

23  is immaterial to a claim for patent infringement, trademark infringement or unfair

24  competition.  Moreover, Apple's failure to attribute the quote completely forecloses any

25  possible argument that the quote possesses any degree of materiality.

26          a.      The Elements of a Patent Infringement Claim do not
                    Give any Weight to the Effectiveness of an Alleged
27                  Infringing Product.

28  *Chisum on Patents* states that,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-8295-8855.1                                      5                           CV 10-03216 JF

1    "[a] patent confers the right to exclude others from making, using, selling,

2    or offering for sale the invention within the United States or importing the

3    invention into the United States. Thus, direct infringement consists of the

4    making, using, selling, or offering for sale, within the United States, or the

5    importing into the United States, during the term of the patent, the

6    invention defined by a patent's claims, without the patent owner's

7    authority."

8    5-16 *Chisum on Patents §16.01.* More specifically, the claims must either literally or

9    equivalently cover the accused device. That is, each element of the claim must be

10   found in the accused structure or process or be equivalent to it. *See, e.g. Uniroyal, Inc.*

11   *v. Rudkin-Wiley Corp.,* 837 F.2d 1044, (Fed. Cir. 1988); *Read Corp. v. Portec, Inc.,* 970

12   F.2d 816 (Fed. Cir. 1992).

13   Hence, when evaluating whether an accused product infringes a patent claim,

14   evidence of whether that accused product is "garbage", "defective", or "of inferior

15   quality and reliability" is immaterial and irrelevant. The issue of infringement is not

16   analyzed differently depending on whether an accused product works better or worse

17   than the patentee's product. Hence, the fact that some alleged consumer has alleged

18   that some alleged product is inferior to an Apple product is wholly immaterial. It does

19   not effect the evaluation of Apple's Patent infringement claim.

20                         b.    The Elements of a Trademark Infringement Claim do
21                               not Give any Weight to the Effectiveness of an
                                 Alleged Infringing Product.
22

23   The Ninth Circuit has succinctly stated that:

24   [t]o prove infringement, a trademark holder must show that the
     defendant's use of its trademark 'is likely to cause confusion, or to cause
25   mistake, or to deceive.' 15 U.S.C. § 1125(a)(1)-(a)(1)(A). Protecting
     against a likelihood of confusion--what we have called the core element of
26   trademark infringement, *Brookfield Communs., Inc. v. West Coast
     Entertainment Corp..,* 174 F.3d 1036, 1053 (9th Cir. 1999) (quotation
27   marks omitted)--comports with the underlying purposes of trademark law:
     [1] ensuring that owners of trademarks can benefit from the goodwill
28   associated with their marks and [2] that consumers can distinguish among
     competing producers. *Thane Int'l, Inc. v. Trek Bicycle Corp.,* 305 F.3d

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

894, 901 (9th Cir. 2002). *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 2010 U.S. App. LEXIS 17269 (9th Cir. Cal. Aug. 19, 2010) (internal quotations omitted)

Nowhere in an evaluation of trademark infringement is there an examination of whether an accused product is "garbage", "defective" or "of inferior quality and reliability". Rather, the focus is on determining whether consumers are confused, not whether one product performs better than the other. Hence, with respect to a trademark infringement analysis, the alleged consumer's quote is immaterial to the issues of this case.

> c. Apple's Unfair Competition claim is Predicated on the Trademark Infringement Cause of Action, and thus the Quote is Immaterial to this Claim as well.

Apple's Complaint states that,

> The use in commerce...of marks identical and/or confusingly similar to the Apple trademarks constitutes false designation of origin and misleading representation of fact that are likely to cause confusion, mistake, and/or deceive as to affiliation, connection or association with Apple and/or its goods and services in violation of Section 43(a)... .

Complaint, ¶ 88.

Apple's unfair competition claim appears to raise the same issue in its trademark infringement claim and has substantially the same test. Thus, whether an accused product is "garbage", "defective" or "of inferior quality and reliability" is immaterial to whether there is a likelihood of confusion, mistake or deception. The quality, reliability or compatibility of Defendants' products is not a factor in Apple's unfair competition claim. The quote is not even tangentially related to a claim that consumers are confused, mistaken or deceived into believing that the Defendant's products are affiliated with Apple.

> d. The Quoted Consumer Was Admittedly Not Confused

Finally, paragraph four of the Complaint makes clear that the individual who made the remark knew he was not purchasing a product made by Apple, and was unhappy that the product did not work to his satisfaction. Hence, it is certain that the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

consumer was not confused about the source of the product, and that the quoted remark is immaterial to Apple's unfair competition claim.

### 2. The Complaint, Paragraph 4 Quote is Impertinent and Immaterial Because the Subject Matter of the Quote is Wholly Irrelevant to Apple's Claims.

As stated above, relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. The fact that a consumer has discussed a third party's product on a message board is unequivocally without foundation and is of no consequence to this action. Apple has not cited to where the quote came from, or to what product the quote referred. Without foundation this proffered evidence is simply not relevant. An unattributed quote discussing an unidentified product can not be relevant to a patent/trademark/unfair competition lawsuit against any of the present defendants.

Even if Apple were to provide attribution to the quote, it would still be impertinent. As has been discussed above, the claims of patent infringement, trademark infringement and unfair competition in the instant civil action are not more or less provable as a result of a consumer's comments about some unidentified product that may or may not have been a product sold by one of the defendants. The quote does not aid in proving trademark infringement by discussing a third party's confusion with regard to the source of the product. Nor does it aid in patent infringement by demonstrating that the defendants' products infringe any of Apple's patents-in-issue.

Hence, the quote should be stricken as it is impertinent and immaterial to the lawsuit.

### 3. The Quote is Scandalous Because the Only Apparent Reason for Its Inclusion in Apple's Complaint is to Disparage All of the Defendants and their Products.

The only possible reason for the quoted remarks to have been included in the complaint is to disparage Defendants. It is clear that the quote's only purpose is to cast

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

1    an adverse light on the Defendants and their products.  The quote does not add

2    substance to or support the allegations in Apple's complaint, but is merely a

3    backhanded attempt to engage in mudslinging and to defame the Defendants in a

4    privileged context.  It is long settled that the federal courts do not provide a forum for

5    this type of "privileged defamation", and as such this Court should strike the quote in

6    its entirety from Apple's Complaint.

7    **III.    CONCLUSION**

8    For the foregoing reasons, the unattributed quote in paragraph 4 of the Complaint

9    is immaterial, impertinent and scandalous, and thus the EForCity Defendants' motion to

10   strike should be granted.

11

12   DATED: January 12, 2011              LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14                                        By: /s/ Jon E. Hokanson
                                              Jon E. Hokanson
15                                            Attorneys for Defendants EFORCITY
                                              CORPORATION, ACCSTATION INC.
16                                            ITRIMMING INC. and
                                              EVERYDAYSOURCE INC

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC'S NOTICE OF AND FIRST MOTION TO STRIKE PORTIONS OF PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW