1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JON E. HOKANSON, SB# 118829
2    E-Mail: hokanson@lbbslaw.com
   DANIEL R. LEWIS, SB# 260106
3    E-Mail: drlewis@lbbslaw.com
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ALAN J. HAUS, SB# 111566
7    E-Mail: haus@lbbslaw.com
   One Sansome Street, Suite 1400
8  San Francisco, CA 94104
   Telephone:415.362.2580
9  Facsimile: 415.434.0882

10 Attorneys for Defendants EFORCITY
   CORPORATION, ACCSTATION INC.,
11 ITRIMMING INC., and
   EVERYDAYSOURCE INC.

12

13            **UNITED STATES DISTRICT COURT**

14    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| 15  APPLE INC.,  a California corporation, | CASE NO. CV 10-03216 JF |
| 16      Plaintiff, | *Honorable Jeremy Fogel* |
| 17      v. | |
| 18  EFORCITY CORPORATION, a California corporation; ACCSTATION INC., a California corporation; ITRIMMING INC., a California corporation; EVERYDAYSOURCE INC., a California corporation; UNITED INTEGRAL INC., a California corporation; CRAZYONDIGITAL, INC., a California corporation; and BOXWAVE CORPORATION, a Nevada corporation; and DOES 1 through 20, inclusive, | **DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC., ITRIMMING INC. AND EVERYDAYSOURCE INC'S NOTICE OF AND MOTION TO DISMISS CLAIMS FOR RELIEF 1-10 OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 25      Defendants. | DATE: March 18, 2011 TIME: 9:00 a.m. PLACE: Courtroom 3 TRIAL DATE:  None Set |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TO ALL PARTIES, AND ALL COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on Friday, March 18, 2010, at 9:00 a.m. in Courtroom 3 of the United States District Court for the Northern District of California, San Jose Division, Defendants EFORCITY CORPORATION, ACCSTATION INC., ITRIMMING INC. and EVERYDAYSOURCE INC. (collectively, "the eForCity Defendants"), will move and hereby do move the court for an order dismissing Claims For Relief 1-10 of Plaintiff's Complaint:

This motion is made on the grounds that Plaintiff, APPLE INC. ("Apple") has failed to adequately plead Claims For Relief 1-10, as a matter of law pursuant to Rules 12(b)(6), 8 Federal Rules of Civil Procedure and controlling case law.

This motion will be based on the Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file and such oral and documentary evidence as may be presented at the time of the hearing.

DATED: January 12, 2011          JON E. HOKANSON
                                 ALAN J. HAUS
                                 DANIEL R. LEWIS
                                 LEWIS BRISBOIS BISGAARD & SMITH LLP


                                 By: /s/ Jon E. Hokanson
                                     JON E. HOKANSON
                                     Attorneys for Defendants EFORCITY
                                     CORPORATION, ACCSTATION INC.,
                                     ITRIMMING INC. AND
                                     EVERYDAYSOURCE INC.



4842-0542-4136.1                                    2                              CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC'S NOTICE OF AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS CLAIMS FOR RELIEF 1-10

## I.   INTRODUCTION AND STATEMENT OF FACTS

On July 22, 2010, Apple, Inc. ("Apple"), filed a Complaint for patent infringement, trademark infringement and unfair competition against seven entities including eForCity Corporation, Accstation Inc., Itrimming Inc., Everydaysource Inc., (collectively the "eForCity Defendants"), United Integral Inc., Crazyondigital Inc. and Boxwave Corporation (all seven entities collectively, "Defendants"). Apple distributes and sells three products under the marks, iPad®, iPhone® and iPod™ ("Apple's Products"). Apple alleges that the Defendants have distributed or sold various accessory devices to Apple's Products without Apple's authorization, thus infringing several of its intellectual property rights, including seven utility patents, three design patents, and two trademarks.

Apple's Complaint alleges twelve Claims For Relief. Claims For Relief 1-10 allege infringement of United States patents. Complaint, ¶¶ 31-80.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), the eForCity Defendants move to dismiss the patent Claims For Relief, i.e., claims 1-10 asserted by Apple against them[1] because Apple has failed to adequately plead those claims under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009).

While each of the asserted utility patents has numerous claims, Apple's First through Seventh Claims for Relief assert infringement of only a single claim and then attempt to reserve rights to later allege infringement of additional claims. Thus, for

---

[1] Claims For Relief 1-9 have been asserted against all four of the eForCity Defendants; Claim For Relief 10 has been asserted against three of the eForCity Defendants (EFORCITY CORPORATION, ACCSTATION INC. and ITRIMMING INC.).

1  example in regard to the First Claim For Relief, Apple contends that the eForCity
2  Defendants infringe "at least claim 9 of the '343 patent" through the manufacture, use,
3  sale, importation and/or offer for sale of various accessories. *See* Complaint, ¶ 33
4  ("First Claim"). The use of "at least" threatens that Apple will assert infringement of
5  additional unnamed claims of the '343 patent, unless, of course, the eForCity
6  Defendants settle with Apple under this threat. Not only has Apple left the door open
7  to add different infringement claims, but has also provided no explanation of the
8  invention claimed in the '343 patent (as compared to the numerous inventions disclosed
9  in the patent specification) other than listing the title of that patent. Also, Apple fails to
10  explain how or why any of the eForCity Defendants infringe any claim of the '343
11  patent. *See id.*, ¶ 32. There is no comparison in Apple's complaint between the "Media
12  Player System" claimed in any claim of the '343 patent and the accused eForCity
13  products, which are cables, chargers, cradles, transmitters, speaker systems, back-up
14  batteries and AV adapters. *See id.*, ¶¶ 23-26.

15       Similarly, the Second through Seventh Claims for Relief fail to provide sufficient
16  notice of infringement. For convenience the following table lists for each of the seven
17  utility patents identified in the Complaint the total number of claims in the patent and
18  the claim number of the single claim asserted.

| Utility Patent Number | Total Number of Claims | The Claim Number of the Single Asserted Claim |
|---|---|---|
| 7,627,343 | 34 | 9 |
| 7,305,506 | 30 | 1 |
| 7,587,540 | 28 | 1 |
| 7,590,783 | 38 | 1 |
| 7,529,870 | 40 | 29 |
| 7,529,872 | 54 | 1 |
| 7,580,255 | 6 | 1 |

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND EVERYDAYSOURCE INC'S NOTICE OF AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1 | Grand Totals                    230 claims in the          7 claims asserted
2 |                                 asserted patents
3 |
4 | Thus, Apple has alleged infringement of 7 claims, has threatened infringement of an
5 | additional 223 claims, but apparently has not made any reasonable inquiry on whether
6 | any of these other 223 claims are believed to be infringed.
7 |         The allegations of infringement of the three design patents against the eForCity
8 | Defendants are similarly vague. With respect to the '545 patent, Apple alleges that the
9 | eForCity Defendants manufacture, use, sell, offer for sale, or import "unlicensed
10 | iPod®, iPhone® and/or iPad™ accessories including but not limited to . . . [the
11 | eForCity Defendants' products] . . . CAPPIPODAT4, DAPPIPODDA15, and
12 | DAPPIPODDAT3" Complaint, ¶ 68. Yet Apple provides no description of the design
13 | claimed in the '545 patent save the title of that alleged "invention": "Connectors." *Id.*,
14 | ¶ 67.  Similarly, with respect to the '621 patent, Apple alleges that the eForCity
15 | Defendants manufacture, use, sell, offer for sale, or import the following products:
16 | "DAPPIPODCR10, DAPPIPODCR11, and DAPPIPODCR12."  Complaint, ¶ 73.
17 | Consistent with its failure to describe the design claimed in the '545 patent, Apple
18 | provides no description of the design claimed in the '621 patent save the title: "Docking
19 | Station." *Id.*, ¶ 72. Finally, with respect to the '110 patent, Apple alleges that the
20 | eForCity Defendants manufacture, use, sell, offer for sale, or import the following
21 | products: "DAPPIPODCR10 and DAPPIPODCR11" Complaint, ¶ 78. Consistent with
22 | its failures to describe the design claimed in the '545 and '621 patents, Apple provides
23 | no description of the design claimed in the '110 patent save the title: "Docking
24 | Station." *Id.*, ¶ 77.
25 |         The Court should dismiss Apple's First through Tenth Claims For Relief against
26 | the eForCity Defendants because Apple's Complaint fails to provide adequate
27 | specificity showing grounds for relief for each of these Claims For Relief asserted
28 | against the eForCity Defendants.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   **II.   ARGUMENT: APPLE'S PATENT INFRINGEMENT CLAIMS AGAINST**
2   **THE EFORCITY DEFENDANTS SHOULD BE DISMISSED FOR**
    **FAILURE TO ADEQUATELY PLEAD THOSE CLAIMS**
3          A complaint may be dismissed pursuant to Rule 12(b) (6) either where the
4   complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable
5   legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.
6   2008). A plaintiff must provide sufficient detail to allow a defendant to understand the
7   claim asserted against it so that it can prepare its defense: "To survive a motion to
8   dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a
9   claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting
10  *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action,
11  supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550
12  U.S. at 555). A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief.'"
13  *Twombly*, 550 U.S. at 555 (citations omitted).

14         While the eForCity Defendants are mindful of the Local Rule 3-1 provision that
15  permits a party claiming patent infringement to have up to 14 days after the Initial Case
16  Management Conference to identify "[e]ach claim of each patent in suit that is
17  allegedly infringed by each opposing party . . .", it appears that a different, more
18  stringent standard is required under the authority of Rule 11, Federal Rules of Civil
19  Procedure and the United States Court of Appeals for the Federal Circuit.   That
20  standard requires "an inquiry reasonable under the circumstances".   As applied
21  specifically to claims of patent infringement, the Federal Circuit requires that before
22  filing a complaint for patent infringement the patentee's attorney is required to:

23         • Independently conduct a non-frivolous interpretation of the pertinent
24           patent claims; and,

25         • Independently compare the accused device with the construed patent
26           claims to make a "reasonable" effort" to determine whether the accused
27           device satisfies each of the claim limitations.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC'S NOTICE OF AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  *See, View Eng'g., Inc. v. Robotic Vision Systems, Inc.* 208 F.3d 981, 986 (Fed. Cir.
2  2000). Due to the particular circumstances of this case, the more stringent standard of
3  Rule 11 and *View Eng'g* should be applied here. In *View* Eng'g., the accused device, as
4  a practical matter was not available for inspection by the patentee's attorneys.
5  However, the patentee's attorneys had four months after a declaratory judgment action
6  was filed against their client to conduct a reasonable inquiry into the infringement issue
7  prior to filing a counterclaim for patent infringement. In *View Eng'g.*, the district court
8  determined, and the Federal Circuit affirmed that under those circumstances the
9  patentee's attorneys failed to conduct a reasonable inquiry. Here, long before Apple's
10  attorneys filed the complaint for infringement, all of the eForCity Defendants' accused
11  products were available for purchase via the Internet, all are fairly simple devices, all
12  are relatively cheap, and in light of Apple's and their attorney's well-know
13  sophistication in patent matters, all could have readily been evaluated for infringement
14  of each and every claim of each of the asserted patents. Furthermore, as will be shown
15  with citations to recent authority below, Apple has failed to meet its pleading burden in
16  a patent case and its complaint should therefore be dismissed.

17  **A.  Apple Failed to Adequately Plead a Claim of Infringement of the
18  Utility Patents.**

19  District courts have applied *Iqbal* and *Twombly* and dismissed complaints that
20  failed to provide sufficient allegations of infringement of a utility patent. For example,
21  in *Interval Licensing LLC v. AOL, Inc.*, the Court applied *Iqbal* and *Twombly* and
22  dismissed claims of patent infringement, finding that the claims asserted were "too
23  generic." 2010 WL 5058620 at *3 (W.D. Wash. 2010). The *Interval Licensing* Court
24  concluded that "Plaintiff's complaint is little more than labels and conclusions, which
25  are inadequate under *Twombly*, *Iqbal*, and even Form 18." *Id.* Similarly, in *Bender v.
26  LG Electronics U.S.A., Inc.*, the Court dismissed a claim of patent infringement because
27  the plaintiff failed to provide more than just a general list of product types that might be
28  alleged to infringe the patent-in-suit. 2010 WL 889541 *3-*4 (N.D. Cal. 2010). After

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4842-0542-4136.1                    7                    CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC'S NOTICE OF AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1 | analyzing conflicting case law, the *Bender* Court concluded that the plaintiff "must do
2 | more than allege conclusorily the means by which Defendants are infringing on [the
3 | patent-in-suit] and provide fair notice to Defendants of the ***specific infringements***
4 | alleged." *Id.* at *6 (emphasis added). Such fair notice should include "at a minimum, a
5 | brief description of what the patent at issue does, and an allegation that certain named
6 | and specifically identified products or product components also do what the patent
7 | does, thereby raising a plausible claim that the named products are infringing." *Id.*; *see*
8 | *also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 (N.D. Cal. 2009)
9 | (dismissing Apple's patent infringement counterclaims under *Iqbal* and *Twombly*
10 | because the counterclaims were "conclusory").

11 | In its complaint, Apple failed to provide adequate specificity to provide the
12 | eForCity Defendants with fair notice of the specific infringements alleged. Other than
13 | quoting the title of the '343 patent—"Media Player System"—Apple provides no
14 | explanation of the inventions described or claimed in that patent. Complaint, ¶ 32.
15 | Moreover, while Apple provides a list of accused products, *see* Complaint, ¶ 29, it fails
16 | to either identify specific claims of the '343 patent (other than claim 9) that it alleges
17 | are infringed, and it fails to explain why any claim of the '343 patent is allegedly
18 | infringed. Based on the title "Media Player System"—which is the only description in
19 | Apple's Complaint it is impossible to determine from Apple's Complaint why or how
20 | the accused products identified in paragraph 29 of the Complaint—[JH to get more
21 | details] cables, chargers, and cradles—supposedly infringe upon Apple's rights.
22 | Moreover, it is fundamentally unfair for Apple to allege infringement, but then fail to
23 | explain its allegations in sufficient detail to allow the eForCity Defendants to answer.

24 | For all of the above reasons Apple's First through Seventh Claims for Relief
25 | should be dismissed under Rules 8 and 12(b)(6) pursuant to *Twombly* and *Iqbal*. *See*
26 | *Interval Licensing*, 2010 WL 5058620 at *3-*5 (citing *Iqbal* and *Twombly* and
27 | concluding that "generic" infringement allegations "are insufficient to put Defendants
28 | on 'notice as to what [they] must defend.'"); *Bender*, 2010 WL 889541 *3-*4

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC'S NOTICE OF AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  (concluding that "conclusory" infringement allegation "fails to provide a 'plausible

2  claim for relief' under *Twombly* and *Iqbal*"); *Elan*, 2009 WL 2972374 at *2

3  (concluding "that the three challenged counterclaims [asserted by Apple] do not comply

4  with Rule 8, under the standards enunciated in *Twombly* and *Iqbal*"). ).

5  **B.  Apple Failed to Adequately Plead Claims for Infringement of the
6  Design Patents**.

7  Both *Iqbal* and *Twombly* also apply to the sufficiency of allegations of design

8  patent infringement. In *Johnson v. Levi Strauss*, the Court dismissed claims of design

9  patent infringement because those claims failed to meet the requisite standard by failing

10  to describe the patented design and where the design was found in the accused

11  products.  2009 WL 3600328 at *7 (S.D. Ohio 2009).  "Without more specific

12  descriptions of his patented design or ornamentation and without a more specific

13  description of Defendants' clothing lines or how Defendants' clothing infringe Johnson's

14  Design Patent, the Complaint fails to raise a plausible claim of design patent

15  infringement." *Id.* The Court concluded that the allegations were sufficient to meet the

16  *Twombly* standard for pleading. *Id.*

17  Like the allegations at issue in the *Johnson* case, Apple's allegations of design

18  patent infringement fail to provide the requisite specificity in this case. Other than the

19  titles of the '545, '621 and '110 patents, Apple's Complaint provides no description of

20  the design claimed in those design patents. *See* Complaint, ¶¶ 67, 72, 77. Further, the

21  Complaint lacks any description of the accused cables and docking stations or how

22  those products allegedly infringe the '545, '621 and '110 patents, respectively. These

23  allegations are insufficient to meet the pleading standard mandated by *Iqbal* and

24  *Twombly*. Accordingly, Apple's Eighth through Tenth Claims for Relief should be

25  dismissed. *See* Rule 12(b) (6).

26  **III.  CONCLUSION**

27  For all of the reasons stated above, the eForCity Defendants request that the

28  Court grant their motion and dismiss the First through Tenth Claims for Relief asserted

4842-0542-4136.1                     9                          CV 10-03216 JF

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC'S NOTICE OF AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

1 against them because Apple's complaint fails to adequately plead those claims under

2 the standards set forth in *Twombly, Iqbal and View Eng'g*.

3

4 DATED: January 12, 2011     LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6 By: /s/ Jon E. Hokanson

7     Jon E. Hokanson
    Attorneys for Defendants EFORCITY

8     CORPORATION, ACCSTATION INC.
    ITRIMMING INC. and

9     EVERYDAYSOURCE INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC'S NOTICE OF AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW