| | |
|---|---|
| 1 | TOWNSEND AND TOWNSEND AND CREW LLP |
| | THEODORE T. HERHOLD (State Bar No. 122895) |
| 2 | ANDREW T. OLIVER (State Bar No. 226098) |
| | ROBERT D. TADLOCK (State Bar No. 238479) |
| 3 | 379 Lytton Avenue |
| | Palo Alto, CA 94301 |
| 4 | Telephone: (650) 326-2400 |
| | Facsimile: (650) 326-2422 |
| 5 | Email: ttherhold@townsend.com |
| | atoliver@townsend.com |
| 6 | rdtadlock@townsend.com |
| 7 | Attorneys for Plaintiff |
| | APPLE INC. |
| 8 | |
| 9 | PATTON MARTIN & SULLIVAN LLP |
| | KEVIN R. MARTIN (176853) |
| 10 | 6600 Koll Center Parkway, Suite 250 |
| | Pleasanton, CA 94566 |
| 11 | Telephone: (925) 600-1800 |
| | Facsimile: (925) 600-1802 |
| 12 | kevin@pattonmartinsullivan.com |
| 13 | Attorneys for Defendant |
| | CRAZYONDIGITAL, INC. |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 10-CV-03216 JF |
| Plaintiff, | **FINAL JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT** |
| v. | |
| EFORCITY CORPORATION, a California corporation; ACCSTATION INC., a California corporation; ITRIMMING INC., a California corporation; EVERYDAYSOURCE INC., a California corporation; UNITED INTEGRAL INC., a California corporation; CRAZYONDIGITAL, INC., a California corporation; and BOXWAVE CORPORATION, a Nevada corporation; and DOES 1 through 20, inclusive, | |
| Defendants. | |

FINAL JUDGMENT UPON CONSENT
CASE No. 10-CV-03216 JF

On July 22, 2010, Plaintiff Apple Inc. ("Apple") filed suit against Defendant CrazyonDigital, Inc.("Defendant") alleging infringement of Apple's intellectual property (the "Action"). Defendant has not responded to Apple's complaint. Apple and Defendant (collectively, the "Parties") have agreed to settle the claims asserted in the Complaint as well as additional claims as set forth herein. In accordance with the terms of the Parties' Settlement Agreement entered into contemporaneously herewith, the Parties hereby agree to entry of a Final Judgment and Permanent Injunction Upon Consent ("Final Judgment") as set forth herein, and further agree and stipulate that, upon confirmation by this Court, it is hereby ordered, adjudged, and decreed that:

    1.    All terms defined in this Final Judgment shall be so defined when used anywhere in this Final Judgment. Additionally, as used in this Final Judgment, the following capitalized terms shall have the meanings set forth below:

    a.    "Person" means any individual, partnership, association, corporation, limited liability company, trust, or any other form of legal entity.

    b.    "Control" means, with respect to any Person, the ability to control, manage, direct or otherwise materially influence the management, direction, operations or policies of such Person, whether by ownership of voting securities, by contract or otherwise.

    c.    "Copyrights" means Apple's copyrighted works, including but not limited to image of sky, mountains, and water that has commonly been used in Apple advertising materials and as a background image on Apple's iPad products.

    d.    "Defendant" means CrazyonDigital, Inc. and each of its predecessors, successors, assigns, affiliates, members, officers, managers, agents, servants, employees, attorneys, representatives, or any Person who had or has Control of Defendant, is controlled by Defendant, or is under common control with Defendant, and all other Persons in active concert or participation with any of them.

e. "Patents" means U.S. Patent Nos. 7,627,343; 7,305,506; 7,587,540; 7,590783; 7,529,870; D588,545; D596,621; D578,110; D589,491; D515,070; D478,310; and D567,800.

f. "Trademarks" means Apple's APPLE, IPAD, IPOD and IPHONE marks and all other Apple trademarks listed on the "Apple Trademark List" at http://www.apple.com/legal/trademark/appletmlist.html.

## JUDGMENT

2. This Court has jurisdiction over Defendant and the subject matter of this Action and Final Judgment. Venue is proper in this Court.

3. Apple is the owner of the Patents, Copyrights and Trademarks, which are valid, enforceable, and infringed by Defendant.

4. In full settlement of all claims raised in this Action, the Parties have entered into a Settlement Agreement made effective as of January XX, 2011 (the "Settlement Agreement"). This Judgment is subject to the terms set forth in the Settlement Agreement.

5. Defendant now stipulates and agrees that judgment may be entered in Apple's favor for all products made, used, sold, offered for sale, or imported into the United States by Defendant that infringe the Patents, Copyrights, and Trademarks, including but not limited to all of Defendant's products that were identified in Apple's Complaint in the Action. Defendant shall permanently cease and desist from any further infringement of the Patents, Copyrights, and Trademarks.

6. The Parties waive any right to appeal this Final Judgment.

7. The Parties shall each bear their own fees and costs in this Action.

8. The Court will retain continuing jurisdiction for purposes of interpreting and enforcing this Final Judgment and all disputes that may arise relating to the Settlement Agreement.

9. The Clerk shall enter this Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## PERMANENT INJUNCTION

Wherefore, the Parties stipulate to entry of the following permanent injunction:

10. Except as licensed by Apple, Defendant shall refrain from and is permanently enjoined from:

    a. Manufacturing, importing, distributing, shipping, advertising, marketing, using, selling, or offering for sale the following products or any products that are not colorably different from the following products (collectively, the "Infringing Products") until the expiration of each identified patent:

        (i) Any product that uses Apple's proprietary 30-pin connector system, claimed in U.S. Patent No. 7,627,343 including but not limited to iPhoneSyncCable01 – ASIN, iPodSyncCable01 - ASIN5, iPodSyncRetractableCable01 – ASIN, iphone3G_CAR_charger_ASIN, iPhone3G_Metal_CRADLE-UPC, iPhone3G_Plastic_CRADLE, FM2in1BLK-iPhone_3G – ASIN, FM2in1BLK-iPhone_3G - ASIN1, FMALLKIT_, FMALLKIT_LCD_ASIN4, iPhone3G_FM2in1BLK_ASIN6, FM2in1BLK-iPhone3G-UPC, FM2in1BLK-iPhone3GS-UPC_, FM4in1_iphone_NS – ASIN, FM8in1_ARM_RV008 – CrazyOD, FM8in1_BLK_iphone_3G_UPC, iPh3G_FM6in1_Remote, iPhone_iTRIP_FM_REMOTE –UPC, iPhone3G_FM8in1BLK_ASIN, and iPhone3G_iTRIP_NEW03REMOTE-Touch2G-UPC;

        (ii) Any product that communicates remotely with the iPod®, iPhone®, and/or iPad™ devices, claimed in one or more of U.S. Patent Nos. 7,305,506; 7,587,540; 7,590,783; and 7,529,870 including but not limited to FM2in1BLK-iPhone_3G – ASIN, FM2in1BLK-iPhone_3G - ASIN1, FMALLKIT_, FMALLKIT_LCD_ASIN4, iPhone3G_FM2in1BLK_ASIN6, FM2in1BLK-iPhone3G-UPC, FM2in1BLK-iPhone3GS-UPC_, FM4in1_iphone_NS – ASIN, FM8in1_ARM_RV008 – CrazyOD, FM8in1_BLK_iphone_3G_UPC, iPh3G_FM6in1_Remote, iPhone_iTRIP_FM_REMOTE –UPC, iPhone3G_FM8in1BLK_ASIN, and iPhone3G_iTRIP_NEW03REMOTE-Touch2G-UPC;

        (iii) Any product that is substantially similar in appearance to the design claimed in U.S. Patent No. D588,545, including but not limited to iPodSyncCable01-ASIN5;

        (iv) Any product that is substantially similar in appearance to the design claimed in U.S. Patent Nos. D596,621 and D578,110, including but not limited to iPhone3G_Metal_CRADLE-UPC and iPhone3G_Plastic_CRADLE;

        (v)    Any product that is substantially similar in appearance to the design claimed in U.S. Patent No. D567,800, including but not limited to the MP3 Player USB Hotsync & Charging Dock Cradle Desktop Charger for Apple iPod Shuffle 2nd Generation

        (vi)    Any product that is substantially similar in appearance to the design claimed in U.S. Patent No. D478,310, including but not limited to the CrazyonDigital Travel USB Charger with Original Foldable Design for iPod 3G;

        (vii)    Any headphones that are substantially similar in appearance as the designs claimed in U.S. Patent No. D589,491, including but not limited to the White Earphone/Headphone for Apple iPhone, the Charging Kit for New Apple iPod 6G, and Full Accessories Kit Bundle 18 Items for New Apple iPod Touch 4G;

        (viii)    Any headphones that are substantially similar in appearance as the designs claimed in U.S. Patent No. D515,070, including but not limited to the iPhone/iPod White Accessory Pack-Stereo Earphones/Earbuds, Sync & Charge USB Cable, and Mini Microphone Mic Recorder & Retractable 3.5mm Audio Extension Cable;

    b.    Any use of trademarks owned by Apple, including but not limited to the Trademarks, in any period during which Defendant is not in full compliance with Apple's Guidelines for Using Apple Trademarks and Copyrights, at http://www.apple.com/legal/trademark/guidelinesfor3rdparties.html;

    c.    Any use of the identified Copyrights and all other copyrighted material, regardless of whether Defendant has knowledge that such material is copyrighted or whether such copyrighted material is registered with the U.S. Copyright Office; and

    d.    Assisting, aiding or abetting any person or entity engaging in or performing any act prohibited by this paragraph.

    11.    Defendant, within thirty (30) calendar days of entry of this Final Judgment, shall provide to Apple's counsel certification under oath of destruction of all Infringing Products within Defendant's possession, custody, or control, or if such Infringing Products are not within Defendant's possession, custody, or control within the allotted time period, the certification shall be provided within thirty (30) days after the Infringing Products come into Defendant's possession,

custody, or control. Except where doing so would be unreasonably difficult, Defendant shall retain, and upon reasonable notice make available for Apple to inspect, the physical remnants of the destroyed Infringing Products during a period of thirty (30) days following Defendant's provision of the certification of destruction.

12. Defendant, within thirty (30) calendar days of entry of this Final Judgment, shall provide written assurance under penalty of perjury, to Apple's counsel of record in the Action, that it has come into compliance with Apple trademark guidelines as identified at http://www.apple.com/legal/trademark/guidelinesfor3rdparties.html.

13. Defendant agrees that upon demonstration to the Court of Defendant's violation of this Final Judgment, Defendant shall be liable to Apple for:

    a. Apple's fees and costs associated with bringing this Action as they pertain to Defendant, including the pre-filing investigation and resolution efforts regarding Defendant;

    b. Apple's fees and costs associated with investigating the violation(s) of this Final Judgment and any action to enforce this Final Judgment;

    c. Any compensatory and enhanced damages incurred by Apple resulting from the infringing conduct or violation of this Final Judgment; and

    d. Such further equitable relief as the Court may grant to give full effect to this Final Judgment.

///
///
///

**ON BEHALF OF THE PARTIES:**

Dated: Feb. 22, 2011          TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
THEODORE T. HERHOLD
Attorneys for Plaintiff APPLE INC.

Dated: Jan 24, 2011          PATTON MARTIN & SULLIVAN LLP

By: _____
KEVIN R. MARTIN
Attorneys for Defendant CRAZYONDIGITAL, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED: 3/1/11

_____
THE HON. JEREMY FOGEL
United States District Judge

FINAL JUDGMENT UPON CONSENT
CASE No. 10-CV-03216 JF