KILPATRICK TOWNSEND & STOCKTON LLP
THEODORE T. HERHOLD (State Bar No. 122895)
ANDREW T. OLIVER (State Bar No. 226098)
ROBERT D. TADLOCK (State Bar No. 238479)
379 Lytton Avenue
Palo Alto, CA  94301
Telephone:  (650) 326-2400
Facsimile:  (650) 326-2422
Email: therhold@kilpatricktownsend.com
       aoliver@kilpatricktownsend.com
       rtadlock@kilpatricktownsend.com

Attorneys for Plaintiff,
APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEFENDANTS CORPORATION, a California corporation; ACCSTATION INC., a California corporation; ITRIMMING INC., a California corporation; EVERYDAYSOURCE INC., a California corporation; UNITED INTEGRAL INC., a California corporation; CRAZYONDIGITAL, INC., a California corporation; and BOXWAVE CORPORATION, a Nevada corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Civil Action No. CV10-03216 JF (HRL)<br><br>**APPLE INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS FOR RELIEF 1-10 OF PLAINTIFF'S COMPLAINT**<br><br>DATE: April 1, 2011<br>TIME:   9:00 a.m.<br>PLACE: Courtroom 3 |



**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT ..........................................................................................................1

    A. Pleading Requirements for Patent Infringement Cases......................................1

    B. Apple's Complaint Exceeds the Pleading Requirements for Each Asserted Patent................................................................................................3

    C. Eforcity's Cited Authority is Inapposite ...............................................................5

    D. The Patent Local Rules Specify the Appropriate Mechanism for Identifying Specific Products and Claims Alleged to Be Infringed................................................................................................................6

    E. Eforcity's Reliance on Rule 11 Should be Rejected ............................................6

    F. Eforcity's Motion is Improper Under Rule 12(g) ................................................7

III. CONCLUSION .......................................................................................................7



# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ardente, Inc. v. Shanley*,
  No. 3:07-cv-04479-MHP, 2010 U.S. Dist. LEXIS 11674 (N.D. Cal. Feb. 10, 2010) ................... 2

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937, 556 U.S. __ (2009) ................................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................... 2

*Bender v. LG Electronics U.S.A., Inc.*,
  No. C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) .......................... 5

*CBS Interactive, Inc. v. Etilize, Inc.*,
  257 F.R.D. 195 (N.D. Cal. 2009) ...................................................................................... 6

*Egyptian Goddess, Inc. v. Swisa, Inc.*
  543 F.3d 665 (Fed. Cir. 2008) ........................................................................................... 4

*Elan Microelectronics Corp. v. Apple, Inc.*,
  No. C 09-01531 RS, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ................................ 5

*Every Penny Counts, Inc. v. Bank of Am. Corp.*,
  No. 2:07-cv-42-FtM-29SPC, 2007 WL 4247790 (M.D. Fla. Nov. 30, 2007) .................. 3

*Integrated Circuit Sys., Inc. v. Realtek*,
  308 F. Supp. 2d 1106 (N.D. Cal. 2004) ............................................................................ 6

*Interval Licensing LLC v. AOL, Inc.*,
  No. C10-1385 MJP, 2010 WL 5058620 (W.D. Wa. Dec. 10, 2010) ................................ 5

*Johnson v. Levi Strauss & Co.*,
  No. 3:08cv00461, 2009 WL 3600328 (S.D. Oh. Oct. 26, 2009) ................................... 5, 6

*Kilopass Tech. Inc. v. Sidense Corp.*,
  No. C 10-2066 SI, 2010 WL 5141843 (N.D. Cal. Dec. 13, 2010) .................................... 2

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ......................................................................................... 2

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
  203 F.3d 790 (Fed. Cir. 2000) ............................................................................... 1, 2, 3, 4

*Vellata, LLC v. Best Buy Co., Inc.*,
  No. CV 10-6752 AHM (RCx), 2011 WL 61620 (C.D. Cal. Jan. 7, 2011) ........................ 3

**STATUTES**

35 U.S.C. § 271(a) ..................................................................................................................... 3

**OTHER AUTHORITIES**

37 C.F.R. § 1.153(a) .................................................................................................................. 4

**RULES**

Fed. R. Civ. P. 11 ............................................................................................................... 5, 6, 7
Fed. R. Civ. P. 12 ............................................................................................................ 1, 2, 4, 7
Fed. R. Civ. P. 8 ................................................................................................................. 1, 4, 7
Patent L.R. 3-1 ...................................................................................................................... 1, 6



Plaintiff Apple Inc. ("Apple") opposes Defendants eForCity Corporation, Accstation Inc., Itrimming Inc. and Everydaysource Inc.'s (collectively "Eforcity") Motion to Dismiss Claims for Relief 1-10 of Plaintiff's Complaint (ECF No. 47) as follows.[1]

## I. INTRODUCTION

Contrary to Eforcity's unsupported assertions, Apple's complaint contains more than sufficient facts regarding Eforcity's infringement of both Apple's utility and design patents. Each of the challenged claims for relief (1-10) not only meets, but exceeds, the pleading requirements of Federal Rule of Civil Procedure 8. The relevant case law establishes that a patent infringement plaintiff must plead at least the following elements to withstand a challenge to the complaint under Rule 12(b)(6): (1) the patent(s) alleged to be infringed; (2) ownership of the patent(s); (3) identification of the defendant(s); (4) the infringing apparatus, process or other instrumentality; and (5) the specific sections of the patent law invoked.

Here, in addition to the five required elements recited above, Apple's complaint went further and also identified specific infringing products and asserted patent claims. Other than broad statements regarding pleading requirements generally, Eforcity cites to no legal authority that would demonstrate that Apple's complaint is in any way deficient. As Eforcity acknowledges, the Patent Local Rules of this District set forth the mechanism and timing for disclosure of asserted patent claims and infringement contentions. *See* Patent L.R. 3-1. There is no requirement in this District or elsewhere that detailed contentions must be alleged in the complaint.

Because Apple has met the pleading requirements of Rule 8 and has otherwise stated claims for relief under Rule 12(b)(6), Eforcity's motion should be denied.

## II. ARGUMENT

### A. Pleading Requirements for Patent Infringement Cases

"[A] patentee need only plead facts sufficient to place the alleged infringer on notice." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). A

---

[1] Defendants eForCity Corporation, Accstation Inc., Itrimming Inc. and Everydaysource Inc. are related companies, owned and operated by Jack Sheng out of his El Monte, California office. *See generally* ECF No. 48.



APPLE'S OPPOSITION TO MOTION TO DISMISS
CASE NO. 10-CV-03216 JF (HRL)                                                              - 1 -

1  complaint is sufficient if it:

2  . . . alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the
3  means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked. . . . Rule 12(b)(6) requires
4  no more.

5  *Id.* This basic pleading requirement was not altered by the Supreme Court's decision in *Bell*

6  *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (holding, in an antitrust action, "Factual

7  allegations must be enough to raise a right to relief above the speculative level"). *See McZeal v.*

8  *Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (relying, after *Twombly*, on

9  *Phonometrics* and finding sufficient a *pro se* complaint that included the elements recited in

10  *Phonometrics*).[2]

11  A patent plaintiff is not required to allege in the complaint that the defendant infringes any

12  specific claim or claims of a patent. The Federal Circuit specifically found sufficient a complaint

13  that asserted that the accused product "falls within the scope of one or more claims of [the asserted

14  patent]." *McZeal*, 501 F.3d at 1357. Other courts, including this District, have confirmed this

15  pleading standard after the Supreme Court decided both *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct.

16  1937, 1949, 556 U.S. __ (2009) (holding, in a 1st and 5th Amendment action, that "a complaint

17  must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'").

18  *See e.g., Ardente, Inc. v. Shanley*, No. 3:07-cv-04479-MHP, 2010 U.S. Dist. LEXIS 11674, *17-

19  18 n. 6 (N.D. Cal. Feb. 10, 2010) (court found complaint adequate even though plaintiff did not

20  allege which claims of the asserted patent it contended were infringed, noting: "The court is

21  unaware of any case holding that the Supreme Court's decisions in *Twombly* and *Iqbal* have now

22  resulted in a strict requirement that a patent infringement plaintiff plead the specific claims

23  believed to have been infringed."); *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-2066 SI, 2010

24  WL 5141843 *3-*4 and n. 1 (N.D. Cal. Dec. 13, 2010) (court cited *Iqbal* and *Twombly*, but

25  required only the *Phonometrics* elements and noted "cases . . . have not required plaintiffs to

26  identify patent claims in the pleadings"); *Vellata, LLC v. Best Buy Co., Inc.*, No. CV 10-6752

---

[2] The *McZeal* opinion specifically notes that a *pro se* litigant may be given leeway as to pleading requirements. *McZeal*, 501 F.3d at 1356. But the court gave no indication that a complaint drafted by lawyers must include additional elements.



APPLE'S OPPOSITION TO MOTION TO DISMISS
CASE NO. 10-CV-03216 JF (HRL)                                                                                         - 2 -

AHM (RCx), 2011 WL 61620 *1, *2, *4 (C.D. Cal. Jan. 7, 2011) (complaint alleging that defendants' "actions infringe at least one of the claims of the [asserted] patent" held sufficient to state a claim for relief); *see also Every Penny Counts, Inc. v. Bank of Am. Corp.*, No. 2:07-cv-42-FtM-29SPC, 2007 WL 4247790 *2 (M.D. Fla. Nov. 30, 2007) (court found sufficient a complaint that alleged infringement of "at least one claim of the [asserted] patent").

### B. Apple's Complaint Exceeds the Pleading Requirements for Each Asserted Patent

Each of Apple's ten claims of patent infringement meets the pleading requirements set forth in *Phonometrics*. Each claim alleges ownership. Complaint, ¶¶ 32, 37, 42, 47, 52, 57, 62, 67, 72, 77. Each claim identifies the patent alleged to be infringed. *Id.* Each claim names each individual defendant. *Id.* at ¶¶ 33, 38, 43, 48, 53, 58, 63, 68, 73, 78. Each claim points to the specific sections of the patent law invoked by alleging that the defendants "directly infringe" through "manufacture, use, sale, importation and/or offer for sale" that falls only under 35 U.S.C. § 271(a). *Id.* And each claim points to the means by which defendants infringe. *Id.*[3] These facts alone are sufficient to deny Eforcity's motion. However, Apple's complaint went further and alleged both specific infringing products and representative claims for each of the subject patents.[4]

Apple's first through seventh claims for relief assert infringement of various patents. With respect to each of these claims, Apple identified at least one specific claim that is allegedly infringed by the accused products. *Id.* at ¶¶ 33, 38, 43, 48, 53, 58, 63, 68, 73, 78. Apple also specifically identified multiple products that infringe each patent. *Id.* Due to the multitude of products that infringe the various patents, and for ease of reference, Apple categorized and listed the infringing products in a single paragraph for each defendant. *Id.* at ¶¶ 23-27. Paragraphs 33, 38, 43, 48, 53, and 58 refer back to paragraphs 23-27, while paragraphs 63, 68, 73, and 78 refer directly to product numbers. *Id.* For example, paragraph 43 refers to "the specific cradles and FM

---

[3] Paragraphs 33, 38, 43, 48, 53, and 58 refer back to the specific products identified in paragraphs 23 through 29 by making reference to certain categories of products "identified above with respect to each of said Defendants."

[4] Unlike utility patents, design patents contain only a single claim. Thus, identification of a design patent necessarily identifies the sole claim as the asserted claim.



1  transmitters identified above with respect to each of said Defendants" and paragraphs 23-27 list
2  specific product numbers within the "cradle" and "FM transmitter" categories. *Id.* By alleging
3  these additional facts, Apple not only met, but exceeded, the pleading requirements of Rule 8 with
4  respect to the utility patents.

5  Eforcity argues, with respect to Apple's first claim for relief, that Apple "has also provided
6  no explanation of the invention claimed in the '343 patent." Motion p. 4, lines 7-9. This attempt
7  to create an entirely new pleading requirement should be rejected. Apple is not aware of, and
8  Eforcity does not cite, any authority for the proposition that such a description is required.

9  In its eighth through tenth claims for relief, Apple alleged infringement of three of its
10 design patents. Complaint, ¶¶ 66-80. For each of these claims, Apple pled the five *Phonometrics*
11 elements for each asserted design patent. Eforcity, however, suggests – without citation to
12 relevant authority – that Apple should have gone further and was required to provide a
13 "description of the design claimed in th[e asserted] design patents." Motion p. 9, lines 19-20.
14 Rules 8 and 12(b)(6) include no such requirement. In fact, the Federal Circuit, *en banc,*
15 specifically cautioned courts (and, by extension, parties) against attempting to "describe a design
16 in words":

17
> Given the recognized difficulties entailed in trying to describe a
> design in words, the preferable course ordinarily will be for a district
18 > court not to attempt to 'construe' a design patent claim by providing a
> detailed verbal description of the claimed design.
19

20 *Egyptian Goddess, Inc. v. Swisa, Inc.* 543 F.3d 665, 679 (Fed. Cir. 2008) (*en banc*).

21 Even though the claimed design need not be described by Apple, each design patent
22 provides Eforcity ample guidance as to the asserted rights. Eforcity knows the asserted claim,
23 because each asserted design patent contains only a single claim. 37 C.F.R. § 1.153(a) ("More
24 than one claim [in a design patent] is neither required nor permitted."); *see also* "Claim" sections
25 of asserted design patents at Complaint, Ex. H p. 1, Ex. I p. 2, and Ex. J p. 1. Each design patent
26 claims a design "as shown and described." *Id.* This is all that is required, and Eforcity does not
27 cite to any authority to the contrary. There certainly is no authority for the proposition that a
28 patent plaintiff is compelled to describe in words the claimed invention of design patents in order



to meet its pleading requirements. Apple also identified specific products that infringe the design patents. Complaint, ¶¶ 68, 73, 78. Accordingly, because Apple's design patent infringement claims are properly pled, Eforcity's motion with respect to these claims should be denied.

### C. Eforcity's Cited Authority is Inapposite

Each of the cases cited by Eforcity in support of the motion is inapposite and easily distinguishable from the issues presented here.

In *Interval*, the plaintiff did not "indicate with any specificity which of Defendants' products or devices infringe the patents." *Interval Licensing LLC v. AOL, Inc.*, No. C10-1385 MJP, 2010 WL 5058620 *1 (W.D. Wa. Dec. 10, 2010) (finding "Plaintiff's complaint here fails to identify the purportedly infringing products with any reasonable specificity"). Here, Apple identified between 2 and 34 specific products that infringe each asserted patent. Complaint, ¶¶ 33, 38, 43, 48, 53, 58, 63, 68, 73, 78. Apple identified accused products both by specific product number and product type. *Id.*

In *Bender*, the plaintiff provided lists of categories of allegedly infringing products but "fail[ed] to identify any single product by name or number." *Bender v. LG Electronics U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541 *2 (N.D. Cal. Mar. 11, 2010). As noted previously, that is not the case in Apple's complaint.

In *Elan*, the plaintiff asserted "direct[] and/or indirect infring[ment]" and relied on Rule 11(b)(3) to support its allegations. *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374 at *2-3 (N.D. Cal. Sept. 14, 2009). The Court found that plaintiff was "only saying 'there may or may not be infringement'" or was conveying that it "believes there is infringement . . . but needs discovery to gather evidentiary support for the contention." *Id.* at *4. Here, Apple unambiguously asserted direct infringement, has not alleged indirect infringement, and does not rely on Rule 11(b)(3). Complaint, ¶¶ 33, 38, 43, 48, 53, 58, 63, 68, 73, 78.

In *Johnson*, the plaintiff did not identify the number of the asserted design patent (though the court was able to ascertain the number) and the complaint only "vaguely allege[d] that Plaintiff has seen some of Defendants' clothes with [the alleged infringing design]." *Johnson v. Levi Strauss & Co.*, No. 3:08cv00461, 2009 WL 3600328 *3, *7 (S.D. Oh. Oct. 26, 2009). The



1 *Johnson* court found that either "more specific descriptions of [the] patented design or
2 ornamentation" or "more specific description of the Defendants' [accused product] lines or how
3 Defendants' [product] lines infringe" was necessary to state a claim for infringement. *Id.* at *7.
4 Here, Apple identified specific design patents, specific infringing product lines, and at least two
5 specific products within each line that infringe each design patent. Complaint, ¶¶ 68, 73, 78.
6 Eforcity faces none of the ambiguity found in *Johnson*.

7 Because Eforcity did not cite any legal authority to support its bold contentions, the motion
8 should be denied.

      **D.    The Patent Local Rules Specify the Appropriate Mechanism for Identifying Specific Products and Claims Alleged to Be Infringed**

This Court provides defendants with a means to obtain early, meaningful, detailed patent infringement contentions. The Patent Local Rule 3-1 disclosure, not the complaint, is the mechanism that will provide the highly detailed allegations that Eforcity seeks. As Eforcity acknowledges, Patent Local Rule 3-1 will require specific disclosures of infringement contentions early in this law suit. Motion p. 6, line 14. Apple will be required to identify "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party" and "for each asserted claim, each accused apparatus, product, device, . . . of each opposing party of which [Apple] is aware." Patent L.R. 3-1(a), (b). The Patent Local Rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (quoting *Integrated Circuit Sys., Inc. v. Realtek,* 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004)). Apple will make such disclosures at the appropriate time, but is not required to do so in its complaint.

      **E.    Eforcity's Reliance on Rule 11 Should be Rejected**

Eforcity's apparent attempt to apply Rule 11 standards to a Rule 12 motion should be rejected. In the Motion, Eforcity suggests that "[d]ue to the particular circumstances of this case, the more stringent standard of Rule 11 . . . should be applied here." Motion, p. 7, lines 2-3. This appears to be an attempt to morph the Rule 11 pre-filing investigation requirements into the requirements of Rule 8 or Rule 12. Rules 8 and 12, however, stand alone. Eforcity cites no



APPLE'S OPPOSITION TO MOTION TO DISMISS
CASE NO. 10-CV-03216 JF (HRL)     - 6 -

1 authority for the proposition that "the more stringent standard of Rule 11" should be applied here.

### F. Eforcity's Motion is Improper Under Rule 12(g)

In addition to denying Eforcity's motion on the merits, Apple respectfully submits that the Court should deny Eforcity's Motion as procedurally improper under Rule 12(g)(2). Rule 12(g)(2) allows a party only one motion under Rule 12, outside of certain narrow exceptions. Fed. R. Civ. P. 12(g)(2) (". . . a party that makes a motion under this rule must not make another motion under this rule . . ."). Eforcity's earlier-filed "First Motion to Strike Portions of Plaintiff's Complaint" (ECF No. 46) was brought under Fed. R. Civ. P. 12(f). *See* ECF No. 46 at p. 2. Thus, this second motion (ECF No. 47) under Rule 12 is procedurally improper. Because this second motion is a violation of Rule 12(g), it should be denied on this ground as well.

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that Eforcity's motion be denied.

DATED: March 11, 2010

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /S/ *Andrew T. Oliver*
Theodore T. Herhold
Andrew T. Oliver
Robert D. Tadlock

Attorneys for Plaintiff,
APPLE INC.

63204368 v1

