**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON E. HOKANSON, SB# 118829
 E-Mail: hokanson@lbbslaw.com
DANIEL R. LEWIS, SB# 260106
 E-Mail: drlewis@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALAN J. HAUS, SB# 111566
 E-Mail: haus@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, CA 94104
Telephone: 415.362.2580
Facsimile: 415.434.0882

*Attorneys for Defendants* EFORCITY CORPORATION, ACCSTATION INC., ITRIMMING INC., and EVERYDAYSOURCE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EFORCITY CORPORATION, a California corporation; ACCSTATION INC., a California corporation; ITRIMMING INC., a California corporation; EVERYDAYSOURCE INC., a California corporation; UNITED INTEGRAL INC., a California corporation; CRAZYONDIGITAL, INC., a California corporation; and BOXWAVE CORPORATION, a Nevada corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. CV 10-03216 JF<br>*Honorable Jeremy Fogel*<br><br>**DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC., ITRIMMING INC. AND EVERYDAYSOURCE INC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS CLAIMS FOR RELIEF 1-10 OF PLAINTIFF'S COMPLAINT;**<br><br>DATE: April 1, 2011<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 3<br>TRIAL DATE: None Set |

4817-1916-0841.1                                1                                CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND EVERYDAYSOURCE INC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS CLAIMS FOR RELIEF 1-10 OF PLAINTIFF'S COMPLAINT

The eForCity Defendants reply to Apple's Opposition as follows:

**The First through Tenth Claims for Relief Fail to State Sufficient Facts**

Each of Apple's first through tenth claims for relief are virtually identical, changing only the identity of the products and patent while using the same generic allegations. Apple's asserts that its allegations of infringement are based on "information and belief" that defendants "distribute[s] and/or sell[s]" items that "directly infringe" on patents through defendants "manufacture, use, sale, importation and/or offer for sale."

Apple's infringement language is limited and without explanation of the inventions or patents described and without allegations that the specifically identified products or product components also do what the patent does, thereby failing to raise a plausible claim that the named products are infringing. In *Bender v. LG Elecs. USA, Inc.*, No. C 09-02114 JF (PVT), (2010) WL 889541 *2 (N.D. Cal. Mar. 11, 2010), the Court upheld this standard in dismissing plaintiff's complaint for failing to plead sufficient facts as a result of similarly limited allegations.

Under the authority set forth in the moving papers and this reply, as well asunder the *Bender* holding, plaintiff must do more than allege conclusions. A patentee plaintiff must provide fair notice to the defendant(s) of the specific infringements alleged, a description of the patents and how the products infringed. Apple has failed to do so and the complaint should be dismissed.

**Similar Vague Allegations by Apple Have Previously Been Stricken**

The complaint alleges that defendants infringed "at least" seven claims related to seven different patents while reserving the ability to amend the complaint with regard to 223 additional claims found in those patents. If permitted by the Court to proceed with this civil action on the basis of the complaint as filed, Apple's vague reference to "at least" would provide Apple with the ability to later allege infringements with no notice of the infringement, no allegation as whether infringement is direct or indirect, and with no factual allegations to support these

potential claims as of the date of filing of its Complaint, and thus would impose on defendants the time constraints of the case as originally filed. The opposition makes no effort to justify these additional potential claims and provides no evidence or argument that Apple has any information or evidence to support any additional claims. Apple should not be permitted to post a few conclusory allegations and reserve hundreds of other potential claims to the detriment of the defendants.

Not only are these allegations insufficient to state a claim for relief, almost identical allegations have been found by the Northern District to be insufficient. In *Elan Microelectronics v. Apple, Inc.* No. C 09-01531 RS, 2009 WL 4247790 (N.D. Cal. Sept. 14, 2009) *Elan* brought a motion to dismiss Apple's cross-claims for patent infringement.

The *Elan* court noted:

> The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [citation.] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

Apple's formulaic complaint pleads few actual facts of infringement other than listing patents and a list of products with a conclusion that defendants infringed on Apple's patents. In *Elan* the Court noted that Apple's allegation of infringement in all three of the challenged counterclaims consisted of nothing more than a bare assertion, made "on information and belief" that *Elan* "has been and is currently, directly and/or indirectly infringing, in violation of 35 U.S.C. § 271" the specified patents "through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad."

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4817-1916-0841.1  3  CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND EVERYDAYSOURCE INC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS CLAIMS

Apple uses almost identical language in this action – based on "information and belief" defendants "distribute[s] and/or sells" items that "directly infringe" on patents through defendants "manufacture, use, sale, importation and/or offer for sale. . ." In addition, Apple's complaint contains language that would allow Apple to allege 223 additional claims related to its patents but it provides absolutely no allegations or information that reasonably place defendants on notice. The complaint contains no information regarding whether the 223 potential infringement claims are direct or indirect, contain no "short and plain statement of a claim" related to any of them, and contain no facts whatsoever regarding them. The complaint allegations are simple "naked assertions devoid of factual enhancement," which should fail.

By pleading an infringement of "at least" one claim for each patent, Apple attempts to sidestep the pleading requirements by leaving open additional claims which it may or may not make. Such a tactic thus is calculated to force defendants to either expend resources to defend every claim or guess which claims Apple may later decide to allege infringement. This attempt to plead as little as possible falls within the prohibition against "[t]hreadbare recitals of the elements of a cause of action," supported here by no factual allegations, (*Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009)) and the Court should not permit such vague pleadings.

Here, Apple attempts to distinguish *Elan* claiming that it only has alleged direct infringement and therefore under the holding in *McZeal* its pleading is sufficient. However, here Apple attempts to allege multiple claims of infringement related to multiple patents with literally hundreds of potential claims, but without supporting facts, or allegations. This language basically allows Apple to add claims at a later date by pleading absolutely no supporting facts, while preserving the benefit of having the case management timing rules dictated to a significant extent by the filing date of the complaint. This attempt to "game" the system is contrary to

1 the well established pleading requirements, operates to the unfair disadvantage of
2 and prejudice to the eForCity Defendants and should not be permitted by the Court.

## Conclusion

In order for Apple to properly plead a cause of action it must provide sufficient detail to allow the defendants to understand the claim asserted. By pleading generic recitals of elements with little or no facts Plaintiffs complaint fails. For the reasons set forth in this moving papers and this reply the eForCity Defendants request that the Court grant their motion and dismiss the first through Tenth Claims for Relief.

DATED: March 18, 2011          LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/ Jon E. Hokanson
JON E. HOKANSON
*Attorneys for Defendants* EFORCITY CORPORATION, ACCSTATION INC., ITRIMMING INC. AND EVERYDAYSOURCE INC.