\*\*E-Filed 4/5/2011\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>EFORCITY CORPORATION, a California corporation; ACCSTATION, INC., a California corporation; ITRIMMING, INC., a California corporation; EVERYDAYSOURCE, INC., a California corporation; UNITED INTEGRAL, INC., a California corporation; CRAZYONDIGITAL, INC., a California corporation; BOXWAVE COPORATION, a Nevada corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:10-cv-03216 JF (HRL)<br><br>**ORDER[1] DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>[Re: Docket Nos. 46, 47] |

Defendants eForCity Corporation, Accstation, Inc., Itrimming, Inc., and Everydaysource, Inc. (collectively "Eforcity") move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the patent infringement claims asserted against them by Plaintiff Apple, Inc. ("Apple").[2] Eforcity also

---

[1] This disposition is not designated for publication in the official reports.

[2] In Claims for Relief 1-10 Apple asserts claims for infringement of U.S. Patent Nos. 7,627,343 ("the '343 Patent"), 7,305,506 ("the '506 Patent"), 7,587,540 ("the '540 Patent"), 7,590,783 ("the '783 Patent"), 7,529,870 ("the '870 Patent"), 7,529,872 ("the '872 Patent"), 7,580,255 ("the '255 Patent"), D588,545 ("the '545 Patent"), D 596,621 ("the '621 Patent"), and

moves to strike portions of the complaint that it contends are irrelevant to Apple's claims. The Court heard oral argument on April 1, 2011. Having considered the moving papers and arguments of counsel, the motion to strike will be granted, and the motion to dismiss will be denied.

## I. BACKGROUND

Apple is a California corporation with its principal place of business in Cupertino, California. Compl. ¶ 6. Apple makes and sells the iPod®, iPhone®, and iPad™ line of mobile digital devices. *Id.* To ensure the quality and reliability of its products, Apple maintains a licensing program called Made for iPod® through which third-party companies obtain Apple's authorization and license to manufacture, sell, and distribute accessories compatible with these devices. *Id.* ¶¶ 3, 22.

Defendants eForCity Corporation, Accstation, Inc., Itrimming, Inc., and Everydaysource, Inc. are related companies, owned and operated by Jack Sheng of El Monte, California. *Id.* ¶¶ 7-10; Opp. Br. at 1 n.1. According to Apple, Eforcity distributes and/or sells non-licensed iPod®, iPhone®, and iPad™ compatible accessories, including but not limited to car chargers, AV adapters, FM Transmitters, speaker systems, backup batteries, and various cables and docking cradles. Compl. ¶¶ 23-26. Apple alleges that Eforcity's actions directly infringe several of Apple's utility and design patents.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843,

---

D 578,110 ("the '110 Patent"). Compl. ¶¶ 31-80. Apple also asserts claims for trademark infringement and unfair competition. However, these claims are not at issue in the instant motion.

2

23 L.Ed.2d 404 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir.1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996).

### III. DISCUSSION

A.  **Motion to Strike**

Under Fed. R. Civ. P. 12(f) courts have discretion to strike any allegations included in a complaint that are redundant, immaterial, impertinent, or scandalous. In its complaint, Apple alleges that consumers have commented negatively on Eforcity's products. *See* Compl. ¶ 4. Paragraph four of the complaint states, in pertinent part, that one consumer made the following remarks:

> Stay away from this one!!! This product is garbage. First one I received was defective and did not charge my 3G Ipod, but instead like some other people have said, drained my battery to the point my ipod would not even turn on. Second one I received as a replacement did the same exact thing. Lesson learned for me so next potential buyer beware.

*Id.*

Eforcity argues that this allegation bares no essential relationship to the asserted claims for relief. Apple has filed a statement of non-opposition, and the motion to strike appears well-taken. Accordingly, it will be granted.

**B.     Motion to Dismiss**

As a threshold matter, Apple argues that the Court should deny the motion to dismiss because it is procedurally improper. Pursuant to Fed. R. Civ. P. 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Apple claims that because Eforcity already has filed a motion to strike under Rule 12, it is barred from bringing an additional Rule 12 motion. Because the Court concludes that the motion to dismiss should be denied on the merits, it need not address this argument.

To assert a successful claim for direct infringement a plaintiff must allege: "(1) ownership of the allegedly infringed patent, (2) the infringer's name, (3) a citation to the patent, (4) the infringing activity, and (5) citations to applicable federal patent law." *Kilopass Technology Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2010 WL 5141843, at *3 (N.D. Cal. Dec. 13, 2010) (citing *Phonometrics, Inc.., v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)). "[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).

Eforcity argues that Apple's allegations fail to provide sufficient notice of the alleged infringements in that they do not describe with particularity the inventions and designs at issue. However, such specificity need not be included in a complaint for patent infringement. Under Patent L.R. 3-1, disclosure of infringement contentions is due fourteen days after the initial case management conference. In those contentions, the plaintiff must identify, among other things, each claim of each patent-in-suit, each accused product for each asserted claim, and the location where each claimed limitation is found within each accused product. In light of these requirements, Apple has met its pleading obligations under the *Phonometrics* standard. It indicates ownership of each of the allegedly infringed patents and provides the specific patent numbers. Compl. ¶¶ 32, 37, 42, 47, 52, 57, 62, 67, 72, 77. It identifies each alleged infringer by name. *Id.* ¶¶ 33, 38, 43, 48, 53, 58, 63, 68, 73, 78. It pleads the elements of 35 U.S.C. § 271(a)

4

by alleging that Eforcity infringes the named patents through the unauthorized "manufacture, use, sale, importation and/or offer for sale" of iPod®, iPhone®, and iPad™ compatible accessories. *Id.* Finally, it references specific products alleged to have infringed each patent. *Id.* ¶¶ 23-27, 33, 38, 43, 48, 53, 58, 63, 68, 73, 78.

In *Bender v. LG Electronics U.S.A., Inc.*, No. C 09-02114 JF, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010), this Court held that the identification of specific products or product parts is sufficient "[to] put [d]efendants on notice as to what products or parts are subject to the infringement claim." While Apple makes clear that the list of products identified is not exhaustive, it indicates that it will seek to amend the complaint should it identify additional infringing products during the course of discovery. Compl. ¶¶ 33, 38, 43, 48, 53, 58, 63, 68, 73, 78. *See Kilopass Technology* at *4 (denying motion to dismiss where plaintiff listed examples of named products that allegedly infringed its patents).

Relying upon *View Eng'g., Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000), Eforcity contends that "Rule 11 . . .must be interpreted to require [plaintiffs], at a bare minimum, [to] apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." However, Rule 11 mandates only that "the patent holder . . . must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement." *Dolby Laboratories, Inc. v. Lucent Technologies, Inc.*, No. C 01-20709 JF, 2006 WL 1320475, at *2 (N.D. Cal. May 15, 2006) (citing *View Eng'g* at 986; *Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1035 (Fed.Cir.2002)). Nothing in the present record suggests that Apple is unprepared to make the requisite showing.

Eforcity also claims that by pleading infringement of "at least" one claim for each utility patent, Apple has left the door open to later allege infringement without notice. *See* Compl. ¶¶ 33, 38, 43, 48, 53, 58, 63. Eforcity is correct that amendment without notice would be improper, but any future expansion of Apple's claims obviously would be subject to the notice provisions

5

of Fed. R. Civ. P. 15.

## IV. ORDER

Good cause therefor appearing, the motion to dismiss is DENIED, and the motion to strike the above-quoted portion of Apple's complaint is GRANTED. Eforcity shall file its answer within twenty (20) days of the date of this order.

IT IS SO ORDERED.

DATED: April 5, 2011

_____
JEREMY FOGEL
United States District Judge

6

Case No. 5:10-cv-03216-JF (HRL)
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT
(JFLC1)