1            IN THE UNITED STATES DISTRICT COURT

2         FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                   SAN JOSE DIVISION

4

    APPLE, INC.,                  )  CV-10-3216-JF
5                                 )
                     PLAINTIFF,   )  SAN JOSE, CALIFORNIA
6                                 )
              VS.                 )
7                                 )  APRIL 1, 2011
    EFORCITY CORPORATION, ET      )
8   AL,                           )
                                  )  PAGES 1-13
9                  DEFENDANT.     )
    _____

10

11              TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JEREMY FOGEL
12            UNITED STATES DISTRICT JUDGE

13

14   A P P E A R A N C E S:

15

16   FOR THE PLAINTIFF:  KILPATRICK TOWNSEND STOCKTON
                         BY:  THEODORE HERHOLD
17                       379 LYTTON AVENUE
                         PALO ALTO, CA 94301
18

19

20   FOR THE DEFENDANT:  LEWIS BRISBOIS BISGAARD & SMITH
                         BY:  JON HOKANSON
21                       221 N. FIGUEROA STREET
                         SUITE 1200
22                       LOS ANGELES, CA 90012

23

24

25   OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                         CERTIFICATE NUMBER 13185

1

1    SAN JOSE, CALIFORNIA          APRIL 1, 2011

2                    P R O C E E D I N G S

3              (WHEREUPON, COURT CONVENED AND THE

4    FOLLOWING PROCEEDINGS WERE HELD:)

5              THE COURT:  THE CALENDAR SEEMS TO HAVE

6    SHRUNK.

7              LET ME TAKE FIRST THE APPLE VERSUS

8    EFORCITY MATTER.

9              MR. HERHOLD:  GOOD MORNING, YOUR HONOR.

10   TED HERHOLD REPRESENTING APPLE.

11             MR. HOKANSON:  GOOD MORNING, YOUR HONOR.

12             JON HOKANSON REPRESENTING THE EFORCITY

13   DEFENDANTS, SPECIFICALLY NAMED EFORCITY, ITRIMMING,

14   ACCSTATION AND EVERYDAYSOURCE.

15             THE COURT:  GOOD MORNING.

16             WELL, I THINK THE MOTION TO STRIKE HAS

17   BEEN RESOLVED.  THE MOTION TO DISMISS I THINK OUR

18   LOCAL RULES ADDRESS THE CONCERNS THAT THE DEFENDANT

19   HAVE ABOUT NOTICE.

20             APPLE IS GOING TO BE REQUIRED TO SET

21   FORTH VERY SPECIFIC INFRINGEMENT CONTENTIONS AND

22   THEY'RE NOT GOING TO BE ABLE TO AMEND THEIR CLAIMS

23   OR EXPAND THEIR CLAIMS WITHOUT MAKING A NOTICED

24   MOTION.

25             SO I THINK THE NOTICE ISSUES THAT THE

1    DEFENDANT IS RAISING ARE ADDRESSED.  SO THAT WOULD

2    BE MY INCLINATION, UNLESS YOU HAVE A DIFFERENT

3    VIEW, COUNSEL.

4              MR. HOKANSON:  I BELIEVE I DO, AND MAY I

5    BE HEARD?

6              THE COURT:  PLEASE.  THAT'S WHY WE ARE

7    HERE.

8              MR. HOKANSON:  I WOULD LIKE TO ADDRESS

9    SPECIFICALLY THE UTILITY ASPECTS OF THIS AND SOME

10   OF THE LARGER QUESTIONS THAT THIS CASE PRESENTS,

11   AND PARTICULARLY HOW YOU RULE ON THE WAY THE

12   PLEADINGS ARE GOING TO BE SHAPED AND THE IMPACT

13   THEY HAVE ON THESE LARGER QUESTIONS.

14             THIS CASE WAS FILED JULY 22ND AGAINST THE

15   VARIOUS DEFENDANTS.  THERE WAS NO NOTICE PROVIDED.

16   THEY ALL RELATE TO APPLE ACCESSORY PRODUCTS.  NONE

17   OF THOSE PRODUCTS HAD PATENT MARKINGS.

18             THE COMPLAINT WAS NOT SERVED ON THE

19   DEFENDANT.  THE EFORCITY DEFENDANTS LEARNED ABOUT

20   THIS CASE THROUGH INFORMAL MEANS, ATTEMPTED TO CALL

21   THE APPLE IN-HOUSE ATTORNEYS AND THEY IMMEDIATELY

22   TOOK ALL THE ACCUSED PRODUCTS OFF THE MARKET.  SO

23   WITHIN A MATTER OF SEVERAL DAYS ALL PRODUCTS WERE

24   OFF THE MARKET.

25             WE HAVE A TOTAL DOLLAR VALUE OF TOTAL

1    SALES FOR THIS CASE FOR WHICH LIABILITY FOR DAMAGES

2    IS SOMEWHERE IN THE VERY LOW SIX FIGURE NUMBER.

3                    IF YOU ASSIGN SOME GENEROUS LOSS PROFITS

4    VALUE OR REASONABLE ROYALTY VALUE OF 25 TO 50

5    PERCENT, THIS CASE, THE MONEY AMOUNT WOULD NOT EVEN

6    REACH THE JURISDICTIONAL AMOUNT FOR DIVERSITY CASE.

7                    THE COURT:  IT SOUNDS LIKE MAYBE, I DON'T

8    MEAN TO CUT OFF YOUR LEGAL ARGUMENT, BUT IT SOUNDS

9    LIKE MAYBE THE MOST EFFICIENT THING TO DO WOULD BE

10   TO INITIATE SOME TYPE OF DISPUTE RESOLUTION.

11                   MR. HOKANSON:  WELL, WE'VE TRIED AND

12   THAT'S GOING ON A SEPARATE TRACK.

13                   AS THE NEXT POINT I'M ABOUT TO MAKE IS

14   FROM DAY ONE IT'S MY UNDERSTANDING THAT THE

15   EFORCITY DEFENDANTS TRIED TO SETTLE THIS CASE AND

16   AS SOON AS WE WERE BROUGHT IN WE HAVE BEEN TRYING

17   SETTLE THE CASE FROM DAY ONE, IT'S BEEN OVER EIGHT

18   MONTHS AGO.

19                   OF ALL THE VARIOUS FACTORS AND PROPOSALS

20   TRADED BACK AND FORTH, THE ONE THAT'S PERHAPS THE

21   MOST SIGNIFICANT FOR THE LARGER QUESTION HERE IS

22   APPLE'S CONTINUED UNYIELDING ASSISTANCE THAT

23   JUDICIAL ADMISSIONS OF INFRINGEMENT OF ALL OF THE

24   CLAIMS OF ALL OF THE PATENTS AND ADMISSION OF

25   VALIDITY OF ALL OF THE CLAIMS OF ALL THE PATENTS BE

1    PART OF THE SETTLEMENT.

2              MR. HERHOLD:  YOUR HONOR, I JUST --

3              MR. HOKANSON:  THOSE PATENTS ARE GOING TO

4    EXPIRE AROUND 2024 TO 2025.

5              AND WHAT WE'VE GOT HERE IS A SITUATION

6    NOW WHERE IN ORDER TO GET OUT OF THIS CASE FOR A

7    RELATIVELY SMALL AMOUNT OF MONEY, THERE'S GOING TO

8    HAVE TO BE SERIOUS SUPPRESSION TO OUR CLIENT'S

9    ABILITY TO ENTER THE MARKET.

10             THE COURT:  OKAY.

11             I SUSPECT COUNSEL WAS GOING TO OBJECT

12   THAT YOU WERE GETTING INTO SETTLEMENT DISCUSSIONS.

13             MR. HERHOLD:  ABSOLUTELY, YOUR HONOR.

14             THE COURT:  BUT MY POINT IS SO FAR WHAT

15   I'M HEARING IS THAT THE PRACTICAL EFFECT OF HAVING

16   TO LITIGATE THIS CASE, THE WAY PATENT CASES TEND TO

17   BE LITIGATED IS SO COST INEFFECTIVE FOR YOUR CLIENT

18   AND SO UNRELATED TO THE AMOUNT THAT APPLE COULD

19   ULTIMATELY RECOVER THAT YOU ARE LOOKING FOR SOME

20   PROTECTION FROM THE COURT BASICALLY TO PREVENT THAT

21   TYPE OF THING FROM OCCURRING.

22             I'M STILL BACK ON THE QUESTION OF WHAT

23   NEEDS TO BE SET OUT IN A COMPLAINT FOR PATENT

24   INFRINGEMENT?

25             AND I THINK THE ELEMENTS, AT LEAST THE

1    WAY THAT THEY HAVE BEEN APPLIED IN THIS DISTRICT,

2    ARE THERE. YOU'VE INDICATED THE PATENTS, YOU'VE

3    INDICATED THE CLAIMS IN THE PATENTS THAT ARE

4    ALLEGEDLY INFRINGED.

5            AND THEN UNDER THE LOCAL PATENT RULES

6    IT'S THE OBLIGATION OF THE PLAINTIFF TO SET FORTH

7    WITH PARTICULARITY WHAT THEIR INFRINGEMENT

8    CONTENTIONS ARE.

9            SO UNDER 12(B)(6) I'M STILL -- I'M

10   HEARING A LOT OF PRACTICAL REASONS WHY YOU WANT THE

11   COURT TO STOP THE TRAIN HERE, BUT I'M NOT SURE THAT

12   MEANS I WOULD HAVE TO GRANT A 12(B)(6) MOTION.

13           MR. HOKANSON:  I HEAR YOU, YOUR HONOR,

14   AND YES.

15           BUT AS WE ARE GETTING INTO SOME OF THE

16   OTHER POINTS, THE COURT MIGHT NOT BE AWARE OF THE

17   RULE 11 MOTION WE HAVE ON FILE THAT'S SCHEDULED TO

18   BE HEARD ON THE 6TH OF MAY.

19           THE COURT:  OKAY.

20           MR. HOKANSON:  THERE'S SOME OVERLAPPING

21   ISSUES, THERE'S SOME CROSSOVER ISSUES RELATED TO

22   THAT MOTION. AND ONE OF THE REQUESTS I HAVE, ONE

23   OF THE LARGER ISSUES HERE IS FOR YOU TO DEFER YOUR

24   RULING ON THIS MOTION UNTIL YOU'VE BEEN FULLY

25   INFORMED OF ALL THE INPUTS IN RELATION TO BOTH

1    MOTIONS.

2           I'M NOT GOING TO PRE ARGUE THE RULE 11

3    MOTION, WE HAVEN'T EVEN SEEN APPLE'S OPPOSITION

4    YET, BUT THAT'S FAIRLY STRAIGHTFORWARD AND DOES

5    HAVE A SIGNIFICANT SPILLOVER EFFECT IN THIS MOTION

6    IN TERMS OF WHAT IS A REASONABLE INVESTIGATION IN

7    ORDER TO PUT FORTH STATEMENTS OR ALLEGATIONS IN A

8    COMPLAINT?

9           SO THAT'S POINT ONE.  IF YOU WOULD SIMPLY

10   DEFER YOUR RULING ON THIS MOTION UNTIL YOU HAVE

11   BEEN FULLY INFORMED, THAT WOULD BE VERY, VERY

12   HELPFUL.

13          THE COURT:  ALL RIGHT.

14          MR. HOKANSON:  NOW MOVING ON TO THE NEXT

15   LARGE ISSUE.  IT'S BASICALLY LEVERAGE, A PRACTICAL

16   ISSUE.

17          AND THAT IS IF THIS CASE PROCEEDS, IT'S

18   QUITE APPARENT THAT IT'S NOT COST EFFECTIVE FOR

19   THIS PARTICULAR CLIENT TO GO FORWARD WITH DEFENDING

20   ALL 230 CLAIMS OR SOME NUMBER LESS THAN 230 BUT

21   GREATER THAN 10.

22          SO WHAT'S THE LEVERAGE EFFECT HERE THAT

23   APPLE GETS ON THE STRENGTH OR THE BASIS OF ALLEGING

24   TEN CLAIMS THEY ARE GOING TO HAVE JUDGMENTS THAT

25   PROTECT AGAINST INFRINGEMENTS NOT AGAINST THESE

1    SPECIFIC PRODUCTS BUT AGAINST ANY SO CALLED

2    INFRINGEMENT OR COLORABLE VARIATION THEREOF,

3    ET CETERA, ET CETERA

4          THE COURT:  YOU ARE ACTUALLY SPEAKING TO

5    A SYMPATHETIC AUDIENCE IN TERMS OF THE WAYS THAT

6    PATENT LITIGATION IS USED STRATEGICALLY BUT I'M

7    STILL NOT SURE THEY HAVEN'T MET THE REQUIREMENTS OF

8    RULE 12.

9          I MEAN, I WOULD LIKE TO GET COUNSEL'S

10   RESPONSE ON THE OTHER REQUEST YOU MADE, BUT I'M --

11   HOW IS THIS COMPLAINT DEFICIENT IN TERMS OF GIVING

12   YOU NOTICE OF WHAT YOU'RE REQUIRED TO GET UNDER

13   RULE 8, PARTICULARLY GIVEN THAT WE'VE GOT VERY

14   ELABORATE RULES IN OUR DISTRICT FOR GIVING MORE

15   PARTICULARITY.

16         MR. HOKANSON:  WELL, WITH RESPECT TO THE

17   DESIGN PATENTS AFTER RE LOOKING AT THE PAPERS

18   FILED, WE WOULD CONCEDE ON THE DESIGN PATENTS.

19         THE COURT:  OKAY.

20         MR. HOKANSON:  WITH RESPECT TO THE

21   UTILITY PATENTS, WE MAINTAIN OUR POSITION.

22         NOW WE HAVE NOT FOUND ANY CASE THAT'S

23   SPECIFICALLY ON POINT TO THESE FACTS.  AND I DIDN'T

24   SEE ANY IN THE PLAINTIFF'S PAPERS EITHER.

25         SO WE OBVIOUSLY ARE IN A SITUATION WHERE

1    WITHIN YOUR DISCRETION, AND THE CASE PROVIDES SOME

2    GUIDANCE, SO YOU CAN DO WHAT YOU WANT.  BUT --

3              THE COURT:  I'VE GOT YOU, I'VE GOT YOU.

4              MR. HOKANSON:  BUT MY POINT IS YOU ARE

5    GOING TO MAKE A RULING SOONER OR LATER ON WHAT THE

6    PLEADINGS LOOK LIKE.

7              AND IN ORDER TO PROPERLY MAKE THE RIGHT

8    RULING CONSIDERING ALL THE FACTORS, PARTICULARLY

9    THE RULE 11 FACTORS, WE THINK IT'S IMPORTANT NOT TO

10   MAKE A RULING ON THE RULE 12 NOW, AND THAT WHAT YOU

11   WILL SEE IN THE NEXT SEVERAL MONTHS MAY AFFECT

12   WHAT YOU'RE GOING TO DO WITH THE RULE 12 MOTION.

13             THE COURT:  I'M HEARING YOU.

14             YOU'RE MAKING A CASE MANAGEMENT REQUEST.

15   I WILL TAKE THAT SERIOUSLY AND I WOULD LIKE TO HEAR

16   COUNSEL'S RESPONSE TO IT.

17             BUT BEFORE I DO, WITHOUT GETTING INTO THE

18   SUBSTANCE OF THE DISCUSSIONS, HAVE ALL OF THE

19   EFFORTS TO TRY TO RESOLVE THE CASE BEEN BETWEEN THE

20   PARTIES OR HAVE YOU ACTUALLY USED A THIRD PARTY?

21             MR. HOKANSON:  WE HAVE NOT USED A THIRD

22   PARTY.  I BELIEVE WE ARE ON TRYING TO USE A THIRD

23   PARTY.

24             SEVERAL DAYS AGO I SENT THE ADR REQUEST

25   FORM TO MR. HERHOLD.

1          THE COURT:  WHAT'S YOUR CLIENT'S

2    PREFERENCE AS TO WHAT TYPE OF ADR TO USE?

3          MR. HOKANSON:  IN-PERSON MEETING BEFORE A

4    MAGISTRATE JUDGE.

5          THE COURT:  OKAY.  ALL RIGHT.

6    MR. HERHOLD, YOUR RESPONSE TO ANY OF THE POINTS?

7          MR. HERHOLD:  WELL, YOUR HONOR, THANK

8    YOU.

9          WE ARE CERTAINLY WILLING TO CONTINUE

10   SETTLEMENT NEGOTIATIONS, THE PARTIES HAVE

11   THROUGHOUT.

12          BUT WITH REGARD TO THE MOTION TO DISMISS,

13   WE WOULD LIKE A RULING ON THAT TODAY.  IT WAS A

14   MOTION THAT THEY FILED.  THEY SET IT FOR HEARING

15   TODAY.  WE FILED THE OPPOSITION, THEY WANTED TO GO

16   FORWARD WITH THE HEARING.

17          WE THINK IT WOULD BE PRUDENT AND

18   EXPEDITIOUS TO GO AHEAD AND GET A RULING ON THE

19   MOTION TO DISMISS.  WE THINK WE MET ALL OF OUR

20   PLEADING REQUIREMENTS.

21          SO WITH RESPECT TO THE RULE 11 MOTION, WE

22   HAVEN'T HAD AN OPPORTUNITY TO OPPOSE THAT.  BUT

23   AGAIN, WE WOULD JUST SAY IT'S REALLY PIVOTING OFF

24   THIS RULE 12(B)(6) MOTION WHICH IS SAYING WELL, WE

25   DIDN'T ADEQUATELY PLEAD PATENT INFRINGEMENT

1   THEREFORE WE MUST NOT HAVE DONE AN ADEQUATE

2   INVESTIGATION.

3            THAT'S WHAT THE RULE 11 MOTION IS.

4            YOU KNOW I'M NOT GOING GET INTO THE

5   MERITS OF THAT, BUT IT'S COMPLETELY PREMATURE.

6            THEY CITE THE VIEW ENGINEERING, INC.

7   CASE WHICH WAS AFTER DISCOVERY, ET CETERA, AFTER

8   THE PLAINTIFF DISMISSED THE CASE.  SO EVEN THAT

9   MOTION IS VERY MUCH PREMATURE.

10            THE COURT:  I THINK -- I MEAN THE PICTURE

11   I'M GETTING IS THAT THIS PARTICULAR FIGHT THIS

12   MORNING IS REALLY ABOUT SOMETHING ELSE OTHER THAN

13   THE PLEADINGS.

14            BUT LET ME SEE IF CAN HELP.  DIANA, WHO

15   IS THE MAGISTRATE ON THIS?

16            THE CLERK:  JUDGE LLOYD.

17            THE COURT:  OKAY.

18            I THINK I'M ACTUALLY GOING TO ASSIGN IT

19   TO JUDGE GREWAL.  I HOPE HE DOESN'T HAVE A

20   CONFLICT.

21            FORTUNATELY, ONE OF OUR MAGISTRATE JUDGES

22   HAS MANY YEARS AS A PATENT LITIGATOR AND HE WOULD

23   BE A PERFECT PERSON FOR YOU TO TALK WITH.

24            SO I'M GOING TO REFER YOU TO HIM -- I

25   WILL RULE ON THE MOTION SHORTLY, EITHER TO DEFER IT

1    OR TO PUT IT ASIDE ON THE MERITS.

2            BUT IN THE MEANTIME, WHY DON'T YOU GO

3    DOWN TO THE FOURTH FLOOR, GET THE EARLIEST DATE ON

4    JUDGE GREWAL'S SETTLEMENT CALENDAR THAT YOU CAN.

5    OKAY?

6            MR. HOKANSON:  ALL RIGHT.  THANK YOU,

7    YOUR HONOR.

8            MR. HERHOLD:  THANK YOU, YOUR HONOR.

9            THE COURT:  MATTER SUBMITTED.

10           (WHEREUPON, THE PROCEEDINGS IN THIS

11   MATTER WERE CONCLUDED.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4        **<u>CERTIFICATE OF REPORTER</u>**

5

6

7

8            I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13           THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22                    _____
                      SUMMER A. FISHER, CSR, CRR
23                    CERTIFICATE NUMBER 13185

24

25

13