1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JON E. HOKANSON, SB# 118829
2    E-Mail: hokanson@lbbslaw.com
   DANIEL R. LEWIS, SB# 260106
3    E-Mail: drlewis@lbbslaw.com
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California  90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ALAN J. HAUS, SB# 111556
7    E-Mail: haus@lbbslaw.com
   CARL E. KADLIC, SB# 193778
8    E-Mail: kadlic@lbbslaw.com
   One Sansome Street, Suite 1400
9  San Francisco, CA 94104
   Telephone:415.362.2580
10  Facsimile: 415.434.0882

11  *Attorneys for Defendants* EFORCITY
   CORPORATION, ACCSTATION INC.,
12  ITRIMMING INC. AND
   EVERYDAYSOURCE INC.

13

               **UNITED STATES DISTRICT COURT**
14
        **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**
15

16  | APPLE INC.,  a California corporation, | CASE NO. CV 10-03216 JF |
    |---|---|
    | Plaintiff, | Honorable Jeremy Fogel |

17

18          v.

19  EFORCITY CORPORATION, a          **DEFENDANTS EFORCITY**
    California corporation; ACCSTATION   **CORPORATION, ACCSTATION**
20  INC., a California corporation;       **INC. ITRIMMING INC. AND**
    ITRIMMING INC., a California          **EVERYDAYSOURCE INC.'S**
21  corporation; EVERYDAYSOURCE          **ANSWER TO COMPLAINT**
    INC., a California corporation;
22  UNITED INTEGRAL INC., a
    California corporation,
23  CRAZYONDIGITAL, INC., a
    California corporation; and
24  BOXWAVE CORPORATION, a           Complaint Filed:    July 22, 2010
    Nevada corporation; and DOES 1   Trial Date:         None Set
25  through 20, inclusive,

26          Defendants.

27

28
   4812-5919-7449.1                              1                    CV 10-03216 JF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1        Defendants EFORCITY CORPORATION, ACCSTATION, INC.;

2 ITRIMMING, INC. and EVERYDAYSOURCE, INC. (collectively referred to as

3 "Defendants" or the "EFORCITY Defendants") hereby answer the Complaint filed

4 by Plaintiff APPLE, INC. ("Plaintiff") for Patent Infringement, Trademark

5 Infringement and Unfair Competition ("Complaint") as follows:

6 **INTRODUCTION**

7      1.    Answering paragraph 1 of the Complaint, Defendants lack sufficient

8 information to admit or deny the allegations contained therein and on that basis,

9 deny each and every allegation contained therein.

10     2.    Answering paragraph 2 of the Complaint, Defendants lack sufficient

11 information and belief to answer the allegations contained therein, and on that basis,

12 deny the allegations in paragraph 2.

13     3.    Answering paragraph 3 of the Complaint, Defendants lack sufficient

14 information and belief to answer the allegations contained therein, and on that basis,

15 deny the allegations in paragraph 3.

16     4.    Answering paragraph 4 of the Complaint, Defendants lack sufficient

17 information and belief to answer the allegations contained therein, and on that basis,

18 deny the allegations in paragraph 4.

19     5.    Answering paragraph 5 of the Complaint, Defendants deny the

20 allegations contained therein.

21 **PARTIES**

22     6.    Answering paragraph 6 of the Complaint, Defendants lack sufficient

23 information and belief to answer the allegations contained therein, and on that basis,

24 deny the allegations in paragraph 6.

25     7.    Answering paragraph 7 of the Complaint, Defendants admit the

26 allegations contained therein.

27     8.    Answering paragraph 8 of the Complaint, Defendants admit the

28 allegations contained therein.

4812-5919-7449.1

CV 10-03216 JF

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    9.    Answering paragraph 9 of the Complaint, Defendants admit the
2  allegations contained therein.

3    10.    Answering paragraph 10 of the Complaint, Defendants admit the
4  allegations contained therein.

5    11.    Answering paragraph 11 of the Complaint, Defendants lack sufficient
6  information and belief to answer the allegations contained therein, and on that basis,
7  deny the allegations in paragraph 11.

8    12.    Answering paragraph 12 of the Complaint, Defendants lack sufficient
9  information and belief to answer the allegations contained therein, and on that basis,
10  deny the allegations in paragraph 12.

11    13.    Answering paragraph 13 of the Complaint, Defendants lack sufficient
12  information and belief to answer the allegations contained therein, and on that basis,
13  deny the allegations in paragraph 13.

14    14.    Answering paragraph 14 of the Complaint, Defendants lack sufficient
15  information and belief to answer the allegations contained therein, and on that basis,
16  deny the allegations in paragraph 14.

17  **JURISDICTION AND VENUE**

18    15.    Answering paragraph 15 of the Complaint, Defendants admit the
19  allegations contained therein.

20    16.    Answering paragraph 16 of the Complaint, Defendants admit that
21  venue is proper in this district and that they have done business in this district and
22  deny the remaining allegations in paragraph 16.

23  **INTRADISTRICT ASSIGNMENT**

24    17.    Answering paragraph 17 of the Complaint, Defendants admit the
25  allegations contained therein.

26  **FACTUAL ALLEGATIONS**

27    18.    Answering paragraph 18 of the Complaint, Defendants lack sufficient
28  information and belief to answer the allegations contained therein, and on that basis,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1                                                    3                              CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1  deny the allegations in paragraph 18.

2       19.    Answering paragraph 19 of the Complaint, Defendants lack sufficient

3  information and belief to answer the allegations contained therein, and on that basis,

4  deny the allegations in paragraph 19.

5       20.    Answering paragraph 20 of the Complaint, Defendants lack sufficient

6  information and belief to answer the allegations contained therein, and on that basis,

7  deny the allegations in paragraph 20.

8       21.    Answering paragraph 21 of the Complaint, Defendants lack sufficient

9  information and belief to answer the allegations contained therein, and on that basis,

10  deny the allegations in paragraph 21.

11       22.    Answering paragraph 22 of the Complaint, Defendants lack sufficient

12  information and belief to answer the allegations contained therein, and on that basis,

13  deny the allegations in paragraph 22.

14       23.    Answering paragraph 23 of the Complaint, Defendants admit that as of

15  July 22, 2010 one or more of them sold products identified as car chargers

16  DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10,

17  DAPPIPODCC12, DAPPIPODCC13; AV composite cables identified as

18  CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified

19  as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as

20  DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,

21  DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as

22  DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08, DOTHXXXXFM15,

23  DOTHXXXXFM19, DOTHXXXXFM21, and DOTHXXXXFM22; speaker

24  systems identified as DAPPIPODSPK1, chargers identified as CAPPIPHOPHC1;

25  backup batteries identified as CAPPIPHOLI02 and CAPPIPHOLI06.  Defendants

26  deny the remaining allegations contained in paragraph 23 therein.

27       24.    Answering paragraph 24 of the Complaint, Defendants admit that as of

28  July 22, 2010 one or more of them sold products identified as car chargers

4812-5919-7449.1                                    4                              CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10,
2  DAPPIPODCC12, DAPPIPODCC13; AV composite cables identified as
3  CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified
4  as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as
5  DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,
6  DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as
7  DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08, DOTHXXXXFM15,
8  DOTHXXXXFM19, DOTHXXXXFM21, and DOTHXXXXFM22; speaker
9  systems identified as DAPPIPODSPK1, chargers identified as CAPPIPHOPHC1;
10 backup batteries identified as CAPPIPHOLI02 and CAPPIPHOLI06.  Defendants
11 deny the remaining allegations contained in paragraph 24 therein.

12       25.    Answering paragraph 25 of the Complaint, Defendants admit that as of
13 July 22, 2010 one or more of them sold products identified as car chargers
14 DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10,
15 DAPPIPODCC12, DAPPIPODCC12; AV composite cables identified as
16 CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified
17 as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as
18 DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,
19 DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as
20 DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08, DOTHXXXXFM15,
21 DOTHXXXXFM19, DOTHXXXXFM21, and DOTHXXXXFM22; speaker
22 systems identified as DAPPIPODSPK1, chargers identified as CAPPIPHOPHC1;
23 backup batteries identified as CAPPIPHOLI02 and CAPPIPHOLI06.  Defendants
24 deny the remaining allegations contained in paragraph 25 therein.

25       26.    Answering paragraph 26 of the Complaint, Defendants admit that as of
26 July 22, 2010 one or more of them sold products identified as car chargers
27 DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10,
28 DAPPIPODCC12, DAPPIPODCC12; AV composite cables identified as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1                                          5                              CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1 | CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified
2 | as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as
3 | DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,
4 | DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as
5 | DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08, DOTHXXXXFM15,
6 | DOTHXXXXFM19, DOTHXXXXFM21, and DOTHXXXXFM22; speaker
7 | systems identified as DAPPIPODSPK1, chargers identified as CAPPIPHOPHC1;
8 | backup batteries identified as CAPPIPHOLI02 and CAPPIPHOLI06.  Defendants
9 | deny the remaining allegations contained in paragraph 26 therein.

10 | 27.    Answering paragraph 27 of the Complaint, Defendants lack sufficient
11 | information and belief to answer the allegations contained therein, and on that basis,
12 | deny the allegations in paragraph 27.

13 | 28.    Answering paragraph 28 of the Complaint, Defendants lack sufficient
14 | information and belief to answer the allegations contained therein, and on that basis,
15 | deny the allegations in paragraph 28.

16 | 29.    Answering paragraph 29 of the Complaint, Defendants lack sufficient
17 | information and belief to answer the allegations contained therein, and on that basis,
18 | deny the allegations in paragraph 29.

19 | 30.    Answering paragraph 30 of the Complaint, Defendants deny the
20 | allegations contained therein.

21 | **FIRST CLAIM FOR RELIEF**

22 | (Infringement of U.S. Patent No. 7,627,343 – Against All Defendants)

23 | 31.    Answering paragraph 31 of the Complaint, Defendants repeat and
24 | incorporate by reference their responses to paragraphs 1 through 30 of this
25 | Complaint.

26 | 32.    Answering paragraph 32 of the Complaint, Defendants lack sufficient
27 | information and belief to answer the allegations contained therein, and on that basis,
28 | deny the allegations in paragraph 32.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1
6
CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1    33.    Answering paragraph 33 of the Complaint, Defendants deny the

2    allegations contained therein with respect to claim 9 of the '343 patent, and are

3    without information sufficient to admit or deny the "at least" allegation of paragraph

4    33 and on that basis, deny the "at least" allegation in paragraph 33.

5    34.    Answering paragraph 34 of the Complaint, Defendants deny the

6    allegations contained therein.

7    35.    Answering paragraph 35 of the Complaint, Defendants deny the

8    allegations contained therein.

9    **SECOND CLAIM FOR RELIEF**

10    (Infringement of U.S. Patent No. 7,305,506 – Against Defendants Eforcity,

11    Accstation, Itrimming, Everydaysource, and Crazyondigital)

12    36.    Answering paragraph 36 of the Complaint, Defendants repeat and

13    incorporate by reference their responses to paragraphs 1 through 30 of this

14    Complaint.

15    37.    Answering paragraph 37 of the Complaint, Defendants lack sufficient

16    information and belief to answer the allegations contained therein, and on that basis,

17    deny the allegations in paragraph 37.

18    38.    Answering paragraph 38 of the Complaint, Defendants deny the

19    allegations regarding the following products car chargers  DAPPIPODCC07,

20    DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,

21    DAPPIPODCC12; AV composite cables identified as CAPPIPODAT2,

22    CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified as

23    DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as

24    DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,

25    DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as

26    DAPPIPODFM05, DOTHXXXXFM15, and DOTHXXXXFM21;  chargers

27    identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

28    CAPPIPHOLI06.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1                                                                 7                                                  CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1  Defendants lack sufficient information to admit or deny the allegations with
2  regard to the following products: FM transmitters identified as DAPPIPODFM07,
3  DAPPIPODFM08, DOTHXXXXFM19, and DOTHXXXXFM22, speaker systems
4  identified as DAPPIPODSPK1.

5  Answering paragraph 38 of the Complaint, Defendants deny the allegations
6  contained therein with respect to claim 1 of the '506 patent, and are without
7  information sufficient to admit or deny the "at least" allegation of paragraph 38 and
8  on that basis, deny the "at least" allegation in paragraph 38.

9  Defendants deny the remaining allegations contained in paragraph 38 of the
10  complaint.

11  39.  Answering paragraph 39 of the Complaint, Defendants deny the
12  allegations regarding the following products: car chargers  DAPPIPODCC07,
13  DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,
14  DAPPIPODCC12; AV composite cables identified as CAPPIPODAT2,
15  CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified as
16  DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as
17  DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,
18  DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as
19  DAPPIPODFM05, DOTHXXXXFM15, and DOTHXXXXFM21;  chargers
20  identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and
21  CAPPIPHOLI06.

22  Defendants lack sufficient information to admit or deny the allegations with
23  regard to the following products: FM transmitters identified as DAPPIPODFM07,
24  DAPPIPODFM08, DOTHXXXXFM19, and DOTHXXXXFM22, speaker systems
25  identified as DAPPIPODSPK1.

26  Defendants deny the remaining allegations contained in paragraph 39 of the
27  complaint.

28  40.  Answering paragraph 40 of the Complaint, Defendants deny the

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 allegations regarding the following products: car chargers  DAPPIPODCC07,

2 DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,

3 DAPPIPODCC12; AV composite cables identified as CAPPIPODAT2,

4 CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified as

5 DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as

6 DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,

7 DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as

8 DAPPIPODFM05, DOTHXXXXFM15, and DOTHXXXXFM21; chargers

9 identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

10 CAPPIPHOLI06.

11    Defendants lack sufficient information to admit or deny the allegations with

12 regard to the following products:  FM transmitters identified as DAPPIPODFM07,

13 DAPPIPODFM08, DOTHXXXXFM19, and DOTHXXXXFM22, speaker systems

14 identified as DAPPIPODSPK1.

15    Defendants deny the remaining allegations contained in paragraph 40 of the

16 complaint.

17    **THIRD CLAIM FOR RELIEF**

18    (Infringement of U.S. Patent No. 7,587,540 – Against Defendants Eforcity,

19    Accstation, Itrimming, Everydaysource, and Crazyondigital)

20    41.    Answering paragraph 41 of the Complaint, Defendants repeat and

21 incorporate by reference their responses to paragraphs 1 through 30 of this

22 Complaint.

23    42.    Answering paragraph 42 of the Complaint, Defendants lack sufficient

24 information and belief to answer the allegations contained therein, and on that basis,

25 deny the allegations in paragraph 42.

26    43.    Answering paragraph 43 of the Complaint, Defendants deny the

27 allegations regarding the following products: car chargers  DAPPIPODCC07,

28 DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  DAPPIPODCC12; AV composite cables identified as CAPPIPODAT2,

2  CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified as

3  DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as

4  DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,

5  DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as

6  DAPPIPODFM05, DAPPIPODFM08, DOTHXXXXFM15, and

7  DOTHXXXXFM21; chargers identified as CAPPIPHOPHC1; backup batteries

8  identified as CAPPIPHOLI02 and CAPPIPHOLI06, speaker systems identified as

9  DAPPIPODSPK1.

10      Defendants lack sufficient information to admit or deny the allegations with

11  regard to the following products:  FM transmitters identified as DAPPIPODFM07,

12  DOTHXXXXFM19, and DOTHXXXXFM22.

13      Answering paragraph 43 of the Complaint, Defendants deny the allegations

14  contained therein with respect to claim 1 of the '540 patent, and are without

15  information sufficient to admit or deny the "at least" allegation of paragraph 43 and

16  on that basis, deny the "at least" allegation in paragraph 43.

17      Defendants deny the remaining allegations contained in paragraph 43 of the

18  complaint.

19      44.    Answering paragraph 44 of the Complaint, Defendants deny the

20  allegations regarding the following products: car chargers  DAPPIPODCC07,

21  DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,

22  DAPPIPODCC12; AV composite cables identified as CAPPIPODAT2,

23  CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified as

24  DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as

25  DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,

26  DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as

27  DAPPIPODFM05, DAPPIPODFM08, DOTHXXXXFM15, and

28  DOTHXXXXFM21; chargers identified as CAPPIPHOPHC1; backup batteries

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    identified as CAPPIPHOLI02 and CAPPIPHOLI06, speaker systems identified as

2    DAPPIPODSPK1.

3           Defendants lack sufficient information to admit or deny the allegations with

4    regard to the following products:  FM transmitters identified as DAPPIPODFM07,

5    DOTHXXXXFM19, and DOTHXXXXFM22.

6           Defendants deny the remaining allegations contained in paragraph 44 of the

7    complaint.

8           45.    Answering paragraph 45 of the Complaint, Defendants deny the

9    allegations regarding the following products: car chargers  DAPPIPODCC07,

10   DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,

11   DAPPIPODCC12; AV composite cables identified as CAPPIPODAT2,

12   CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified as

13   DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as

14   DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,

15   DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as

16   DAPPIPODFM05,  DAPPIPODFM08, DOTHXXXXFM15, and

17   DOTHXXXXFM21; chargers identified as CAPPIPHOPHC1; backup batteries

18   identified as CAPPIPHOLI02 and CAPPIPHOLI06, speaker systems identified as

19   DAPPIPODSPK1.

20          Defendants lack sufficient information to admit or deny the allegations with

21   regard to the following products:  FM transmitters identified as DAPPIPODFM07,

22   DOTHXXXXFM19, and DOTHXXXXFM22.

23          Defendants deny the remaining allegations contained in paragraph 45 of the

24   complaint.

25                    **FOURTH CLAIM FOR RELIEF**

26   (Infringement of U.S. Patent 7,590,783 – Against Defendants Eforcity, Accstation,

27                Itrimming, Everydaysource, and Crazyondigital)

28          46.    Answering paragraph 46 of the Complaint, Defendants repeat and

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 incorporate by reference their responses to paragraphs 1 through 30 of this
2 Complaint.

3       47.    Answering paragraph 47 of the Complaint, Defendants lack sufficient
4 information and belief to answer the allegations contained therein, and on that basis,
5 deny the allegations in paragraph 47.

6       48.    Answering paragraph 48 of the Complaint, Defendants deny the
7 allegations regarding the following products: car chargers  DAPPIPODCC07,
8 DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,
9 DAPPIPODCC12; AV composite cables identified as CAPPIPODAT2,
10 CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified as
11 DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as
12 DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,
13 DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as
14 DAPPIPODFM05,  DOTHXXXXFM15, and DOTHXXXXFM21; chargers
15 identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and
16 CAPPIPHOLI06, speaker systems identified as DAPPIPODSPK1.

17       Defendants lack sufficient information to admit or deny the allegations with
18 regard to the following products:  FM transmitters identified as DAPPIPODFM07,
19 DAPPIPODFM08, DOTHXXXXFM19, and DOTHXXXXFM22.

20       Answering paragraph 48 of the Complaint, Defendants deny the allegations
21 contained therein with respect to claim 1 of the '783 patent, and are without
22 information sufficient to admit or deny the "at least" allegation of paragraph 48 and
23 on that basis, deny the "at least" allegation in paragraph 48.

24       Defendants deny the remaining allegations contained in paragraph 48 of the
25 complaint.

26       49.    Answering paragraph 49 of the Complaint, Defendants deny the
27 allegations regarding the following products: car chargers  DAPPIPODCC07,
28 DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1  DAPPIPODCC12; AV composite cables identified as CAPPIPODAT2,

2  CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified as

3  DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as

4  DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,

5  DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as

6  DAPPIPODFM05, DOTHXXXXFM15, and DOTHXXXXFM21; , chargers

7  identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

8  CAPPIPHOLI06, speaker systems identified as DAPPIPODSPK1.

9      Defendants lack sufficient information to admit or deny the allegations with

10  regard to the following products: FM transmitters identified as DAPPIPODFM07,

11  DAPPIPODFM08, DOTHXXXXFM19, and DOTHXXXXFM22.

12      Defendants deny the remaining allegations contained in paragraph 49 of the

13  complaint.

14      50.    Answering paragraph 50 of the Complaint, Defendants deny the

15  allegations regarding the following products: car chargers DAPPIPODCC07,

16  DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,

17  DAPPIPODCC12; AV composite cables identified as CAPPIPODAT2,

18  CAPPIPODAT4, and CAPPIPODAT5; docking cradles identified as

19  DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables identified as

20  DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,

21  DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as

22  DAPPIPODFM05, DOTHXXXXFM15, and DOTHXXXXFM21; , chargers

23  identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

24  CAPPIPHOLI06, speaker systems identified as DAPPIPODSPK1

25      Defendants lack sufficient information to admit or deny the allegations with

26  regard to the following products: FM transmitters identified as DAPPIPODFM07,

27  DAPPIPODFM08, DOTHXXXXFM19, and DOTHXXXXFM22

28      Defendants deny the remaining allegations contained in paragraph 50 of the

4812-5919-7449.1    13    CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1  complaint.

2  **FIFTH CLAIM FOR RELIEF**

3  (Infringement of U.S. Patent 7,529,870 – Against Defendants Eforcity, Accstation,

4  Itrimming, Everydaysource, and Crazyondigital)

5      51.    Answering paragraph 51 of the Complaint, Defendants repeat and

6  incorporate by reference their responses to paragraphs 1 through 30 of this

7  Complaint.

8      52.    Answering paragraph 52 of the Complaint, Defendants lack sufficient

9  information and belief to answer the allegations contained therein, and on that basis,

10  deny the allegations in paragraph 52.

11      53.    Answering paragraph 53 of the Complaint, Defendants lack sufficient

12  information and belief to answer the allegations contained therein, and on that basis,

13  deny the allegations in paragraph 53 with regard to the following products: car

14  chargers  DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09,

15  DAPPIPODCC10, DAPPIPODCC12, DAPPIPODCC13; AV composite cables

16  identified as CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking

17  cradles identified as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables

18  identified as DAPPIPODDA15, and DAPPIPODDAT3; cables identified as

19  DAPPIPODDAT2, DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters

20  identified as DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08,

21  DOTHXXXXFM15, DOTHXXXXFM19, DOTHXXXXFM21, and

22  DOTHXXXXFM22; speaker systems identified as DAPPIPODSPK1, chargers

23  identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

24  CAPPIPHOLI06.

25      Answering paragraph 53 of the Complaint, Defendants deny the allegations

26  contained therein with respect to claim 29 of the '870 patent, and are without

27  information sufficient to admit or deny the "at least" allegation of paragraph 53 and

28  on that basis, deny the "at least" allegation in paragraph 53.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1
14
CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1   Defendants deny the remaining allegations contained in paragraph 53 of the

2   complaint.

3   54.   Answering paragraph 54 of the Complaint, Defendants lack sufficient

4   information and belief to answer the allegations contained therein, and on that basis,

5   deny the allegations in paragraph 54 with regard to the following products:

6   Car chargers  DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09,

7   DAPPIPODCC10, DAPPIPODCC12, DAPPIPODCC13; AV composite cables

8   identified as CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking

9   cradles identified as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables

10   identified as DAPPIPODDA15, and DAPPIPODDAT3; cables identified as

11   DAPPIPODDAT2, DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters

12   identified as DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08,

13   DOTHXXXXFM15, DOTHXXXXFM19, DOTHXXXXFM21, and

14   DOTHXXXXFM22; speaker systems identified as DAPPIPODSPK1, chargers

15   identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

16   CAPPIPHOLI06.

17   Defendants deny the remaining allegations contained in paragraph 54 of the

18   complaint.

19   55.   Answering paragraph 55 of the Complaint, Defendants lack sufficient

20   information and belief to answer the allegations contained therein, and on that basis,

21   deny the allegations in paragraph 55 with regard to the following products:

22   Car chargers  DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09,

23   DAPPIPODCC10, DAPPIPODCC12, DAPPIPODCC13; AV composite cables

24   identified as CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking

25   cradles identified as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables

26   identified as DAPPIPODDA15, and DAPPIPODDAT3; cables identified as

27   DAPPIPODDAT2, DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters

28   identified as DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1                                                                15                                                           CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1  DOTHXXXXFM15, DOTHXXXXFM19, DOTHXXXXFM21, and

2  DOTHXXXXFM22; speaker systems identified as DAPPIPODSPK1, chargers

3  identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

4  CAPPIPHOLI06.

5      Defendants deny the remaining allegations contained in paragraph 55 of the

6  complaint.

7                      **SIXTH CLAIM FOR RELIEF**

8      (Infringement of U.S. Patent No. 7,529,872 – Against Defendants Eforcity,

9                  Accstation, Itrimming and Everydaysource)

10     56.    Answering paragraph 56 of the Complaint, Defendants repeat and

11  incorporate by reference their responses to paragraphs 1 through 30 of this

12  Complaint.

13     57.    Answering paragraph 57 of the Complaint, Defendants lack sufficient

14  information and belief to answer the allegations contained therein, and on that basis,

15  deny the allegations in paragraph 57 with regard to the following products:

16     Car chargers  DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09,

17  DAPPIPODCC10, DAPPIPODCC12, DAPPIPODCC13; AV composite cables

18  identified as CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking

19  cradles identified as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables

20  identified as DAPPIPODDA15, and DAPPIPODDAT3; cables identified as

21  DAPPIPODDAT2, DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters

22  identified as DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08,

23  DOTHXXXXFM15, DOTHXXXXFM19, DOTHXXXXFM21, and

24  DOTHXXXXFM22; speaker systems identified as DAPPIPODSPK1, chargers

25  identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

26  CAPPIPHOLI06.

27     Defendants deny the remaining allegations contained in paragraph 57 of the

28  complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1                    16                    CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1   58.   Answering paragraph 58 of the Complaint, Defendants lack sufficient

2   information and belief to answer the allegations contained therein, and on that basis,

3   deny the allegations in paragraph 58 with regard to the following products:

4   Car chargers DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09,

5   DAPPIPODCC10, DAPPIPODCC12, DAPPIPODCC13; AV composite cables

6   identified as CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking

7   cradles identified as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables

8   identified as DAPPIPODDA15, and DAPPIPODDAT3; cables identified as

9   DAPPIPODDAT2, DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters

10   identified as DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08,

11   DOTHXXXXFM15, DOTHXXXXFM19, DOTHXXXXFM21, and

12   DOTHXXXXFM22; speaker systems identified as DAPPIPODSPK1, chargers

13   identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

14   CAPPIPHOLI06.

15   Answering paragraph 58 of the Complaint, Defendants deny the allegations

16   contained therein with respect to claim 1 of the '872 patent, and are without

17   information sufficient to admit or deny the "at least" allegation of paragraph 58 and

18   on that basis, deny the "at least" allegation in paragraph 58.

19   Defendants deny the remaining allegations contained in paragraph 58 of the

20   complaint.

21   59.   Answering paragraph 59 of the Complaint, Defendants lack sufficient

22   information and belief to answer the allegations contained therein, and on that basis,

23   deny the allegations in paragraph 59 with regard to the following products: car

24   chargers DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09,

25   DAPPIPODCC10, DAPPIPODCC12, DAPPIPODCC13; AV composite cables

26   identified as CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking

27   cradles identified as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables

28   identified as DAPPIPODDA15, and DAPPIPODDAT3; cables identified as

LEWIS
BRISBOIS
BISGAARD
&SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1                17                    CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1  DAPPIPODDAT2, DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters

2  identified as DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08,

3  DOTHXXXXFM15, DOTHXXXXFM19, DOTHXXXXFM21, and

4  DOTHXXXXFM22; speaker systems identified as DAPPIPODSPK1, chargers

5  identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

6  CAPPIPHOLI06.

7      Defendants deny the remaining allegations contained in paragraph 59 of the

8  complaint.

9      60.    Answering paragraph 60 of the Complaint, Defendants lack sufficient

10 information and belief to answer the allegations contained therein, and on that basis,

11 deny the allegations in paragraph 60 with regard to the following products: car

12 chargers  DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09,

13 DAPPIPODCC10, DAPPIPODCC12, DAPPIPODCC13; AV composite cables

14 identified as CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; docking

15 cradles identified as DAPPIPODCR12 and CAPPIPHOCRA2; retractable cables

16 identified as DAPPIPODDA15, and DAPPIPODDAT3; cables identified as

17 DAPPIPODDAT2, DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters

18 identified as DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08,

19 DOTHXXXXFM15, DOTHXXXXFM19, DOTHXXXXFM21, and

20 DOTHXXXXFM22; speaker systems identified as DAPPIPODSPK1, chargers

21 identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

22 CAPPIPHOLI06.

23     Defendants deny the remaining allegations contained in paragraph 60 of the

24 complaint.

25                    **SEVENTH CLAIM FOR RELIEF**

26     (Infringement of U.S. Patent No. 7,580,255 – Against Defendants Eforcity,

27             Accstation, Itrimming and Everydaysource)

28     61.    Answering paragraph 61 of the Complaint, Defendants repeat and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1                                                        CV 10-03216 JF
18
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1 || incorporate by reference their responses to paragraphs 1 through 30 of this
2 || Complaint.

3      62.    Answering paragraph 62 of the Complaint, Defendants lack sufficient
4 || information and belief to answer the allegations contained therein, and on that basis,
5 || deny the allegations in paragraph 62.

6      63.    Answering paragraph 63 of the Complaint, Defendants deny the
7 || allegations with regard to the following products as they do not relate to Claim 1
8 || which is a plurality of inserts for a docking station: car chargers  DAPPIPODCC07,
9 || DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,
10 || DAPPIPODCC13; AV composite cables identified as CAPPIPODAT2,
11 || CAPPIPODAT4, and CAPPIPODAT5; retractable cables identified as
12 || DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,
13 || DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as
14 || DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08, DOTHXXXXFM15,
15 || DOTHXXXXFM19, DOTHXXXXFM21, and DOTHXXXXFM22; speaker
16 || systems identified as DAPPIPODSPK1, chargers identified as CAPPIPHOPHC1;
17 || backup batteries identified as CAPPIPHOLI02 and CAPPIPHOLI06.  Further,
18 || answer defendants deny the following docking cradles identified as
19 || DAPPIPODCR12 and CAPPIPHOCRA2 have plurality of inserts.

20      Answering paragraph 63 of the Complaint, Defendants deny the allegations
21 || contained therein with respect to claim 1 of the '255 patent, and are without
22 || information sufficient to admit or deny the "at least" allegation of paragraph 63 and
23 || on that basis, deny the "at least" allegation in paragraph 63.

24      Defendants deny the remaining allegations contained in paragraph 63 of the
25 || complaint.

26      64.    Answering paragraph 64 of the Complaint, Defendants deny the
27 || allegations with regard to the following products as they do not relate to Claim 1
28 || which is a plurality of inserts for a docking station: car chargers  DAPPIPODCC07,

4812-5919-7449.1                                                          CV 10-03216 JF
19

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  DAPPIPODCC08, DAPPIPODCC09, DAPPIPODCC10, DAPPIPODCC12,

2  DAPPIPODCC13; AV composite cables identified as CAPPIPODAT2,

3  CAPPIPODAT4, and CAPPIPODAT5; retractable cables identified as

4  DAPPIPODDA15, and DAPPIPODDAT3; cables identified as DAPPIPODDAT2,

5  DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters identified as

6  DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08, DOTHXXXXFM15,

7  DOTHXXXXFM19, DOTHXXXXFM21, and DOTHXXXXFM22; speaker

8  systems identified as DAPPIPODSPK1, chargers identified as CAPPIPHOPHC1;

9  backup batteries identified as CAPPIPHOLI02 and CAPPIPHOLI06.  Further,

10  answer defendants deny the following docking cradles identified as

11  DAPPIPODCR12 and CAPPIPHOCRA2 have plurality of inserts.

12  Defendants deny the remaining allegations contained in paragraph 64 of the

13  complaint.

14      65.      Answering paragraph 65 of the Complaint, Defendants deny the

15  allegations with regard to the following products as they do not relate to Claim 1

16  which is a plurality of inserts for a docking station:

17      Car chargers  DAPPIPODCC07, DAPPIPODCC08, DAPPIPODCC09,

18  DAPPIPODCC10, DAPPIPODCC12, DAPPIPODCC13; AV composite cables

19  identified as CAPPIPODAT2, CAPPIPODAT4, and CAPPIPODAT5; retractable

20  cables identified as DAPPIPODDA15, and DAPPIPODDAT3; cables identified as

21  DAPPIPODDAT2, DAPPIPODDAT4, and DAPPIPODDA11; FM transmitters

22  identified as DAPPIPODFM05, DAPPIPODFM07, DAPPIPODFM08,

23  DOTHXXXXFM15, DOTHXXXXFM19, DOTHXXXXFM21; and

24  DOTHXXXXFM22; speaker systems identified as DAPPIPODSPK1, chargers

25  identified as CAPPIPHOPHC1; backup batteries identified as CAPPIPHOLI02 and

26  CAPPIPHOLI06.  Further, answer defendants deny the following docking cradles

27  identified as DAPPIPODCR12 and CAPPIPHOCRA2 have plurality of inserts.

28      Defendants deny the remaining allegations contained in paragraph 65 of the

4812-5919-7449.1

CV 10-03216 JF

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | complaint.

2 | **EIGHTH CLAIM FOR RELIEF**

3 | (Infringement of U.S. Patent No. D588,545 – Against All Defendants)

4 |     66.    Answering paragraph 66 of the Complaint, Defendants repeat and

5 | incorporate by reference their responses to paragraphs 1 through 30 of this

6 | Complaint.

7 |     67.    Answering paragraph 67 of the Complaint, Defendants lack sufficient

8 | information and belief to answer the allegations contained therein, and on that basis,

9 | deny the allegations in paragraph 67.

10 |     68.    Answering paragraph 68 of the Complaint, Defendants deny the

11 | allegations contained in paragraph 68 of the complaint.

12 |     69.    Answering paragraph 69 of the Complaint, Defendants deny the

13 | allegations contained in paragraph 69 of the complaint.

14 |     70.    Answering paragraph 70 of the Complaint, Defendants deny the

15 | allegations contained in paragraph 70 of the complaint.

16 | **NINTH CLAIM FOR RELIEF**

17 | (Infringement of U.S. Patent No. D596,621 – Against Defendants Eforcity,

18 | Accstation, Itrimming, Everydaysource, and Crazyondigital)

19 |     71.    Answering paragraph 71 of the Complaint, Defendants repeat and

20 | incorporate by reference their responses to paragraphs 1 through 30 of this

21 | Complaint.

22 |     72.    Answering paragraph 72 of the Complaint, Defendants lack sufficient

23 | information and belief to answer the allegations contained therein, and on that basis,

24 | deny the allegations in paragraph 72.

25 |     73.    Answering paragraph 73 of the Complaint, Defendants deny the

26 | allegations contained in paragraph 73 of the complaint.

27 |     74.    Answering paragraph 74 of the Complaint, Defendants deny the

28 | allegations contained in paragraph 74 of the complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1

21

CV 10-03216 JF

1       75.    Answering paragraph 75 of the Complaint, Defendants deny the

2 allegations contained in paragraph 75 of the complaint.

3                             **TENTH CLAIM FOR RELIEF**

4       (Infringement of U.S. Patent No. D578,110 – Against Defendants Eforcity,

5              Accstation, Itrimming, Everydaysource, and Crazyondigital)

6       76.    Answering paragraph 76 of the Complaint, Defendants repeat and

7 incorporate by reference their responses to paragraphs 1 through 30 of this

8 Complaint.

9       77.    Answering paragraph 77 of the Complaint, Defendants lack sufficient

10 information and belief to answer the allegations contained therein, and on that basis,

11 deny the allegations in paragraph 77.

12       78.    Answering paragraph 78 of the Complaint, Defendants deny the

13 allegations contained in paragraph 78 of the complaint.

14       79.    Answering paragraph 79 of the Complaint, Defendants deny the

15 allegations contained in paragraph 79 of the complaint.

16       80.    Answering paragraph 80 of the Complaint, Defendants deny the

17 allegations contained in paragraph 80 of the complaint.

18                         **ELEVENTH CLAIM FOR RELIEF**

19       (Trademark Infringement – Against Defendants Eforcity, Accstation,

20                  Everydaysource, and United Integral)

21       81.    Answering paragraph 81 of the Complaint, Defendants repeat and

22 incorporate by reference their responses to paragraphs 1 through 30 of this

23 Complaint.

24       82.    Answering paragraph 82 of the Complaint, Defendants lack sufficient

25 information and belief to answer the allegations contained therein, and on that basis,

26 deny the allegations in paragraph 82.

27       83.    Answering paragraph 83 of the Complaint, Defendants deny the

28 allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1

22

CV 10-03216 JF

84. Answering paragraph 84 of the Complaint, Defendants deny the allegations contained therein.

85. Answering paragraph 85 of the Complaint, Defendants deny the allegations contained therein.

86. Answering paragraph 86 of the Complaint, Defendants deny the allegations contained therein.

## TWELFTH CLAIM FOR RELIEF

(Unfair Competition Under Federal Law – Against Defendants Eforcity, Accstation, Itrimming, Everydaysource, and United Integral)

87. Answering paragraph 87 of the Complaint, Defendants repeat and incorporate by reference their responses to paragraphs 1 through 30 of this Complaint.

88. Answering paragraph 88 of the Complaint, Defendants deny the allegations contained therein.

89. Answering paragraph 89 of the Complaint, Defendants deny the allegations contained therein.

90. Answering paragraph 90 of the Complaint, Defendants deny the allegations contained therein.

## RESPONSE TO PRAYER FOR RELIEF

91. Defendants deny that Plaintiff is entitled to any of the relief it seeks in the Prayer for Relief.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4812-5919-7449.1                              23                              CV 10-03216 JF
DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

1

## AFFIRMATIVE DEFENSES

2

### FIRST AFFIRMATIVE DEFENSE

3

#### (Noninfringement of the Asserted Patent Claims)

4

92.     Defendants have not infringed, are not infringing, and will not

5

infringe any valid and enforceable claim of the Apple Patents asserted in the

6

Complaint.

7

### SECOND AFFIRMATIVE DEFENSE

8

#### (Patent Invalidity)

9

93.     The following patents are invalid due to Plaintiff's failure to comply with

10

one or more of the provisions of the Patent Act, 35 U.S.C. § 101 et seq., including, but

11

not limited to, for example, the respective provisions of 35 U.S.C. §§ 102, 103, and/or

12

112: claim 9 of US Patent 7,627,343; US Patents D588,545; D596,621; and D578,110.

13

### THIRD AFFIRMATIVE DEFENSE

14

#### (Laches)

15

94.     Plaintiff is barred from asserting the infringement claim set forth in

16

the Complaint under the equitable doctrines of laches, unclean hands, judicial estoppel

17

and equitable estoppel.

18

### FOURTH AFFIRMATIVE DEFENSE

19

#### (Unclean Hands)

20

95.     Plaintiff comes to this court with unclean hands and is therefore barred

21

from recovery on each claim for relief in the Complaint.

22

### FIFTH AFFIRMATIVE DEFENSE

23

#### (Fair Use)

24

96.     Any use Defendant may have made of any intellectual property,

25

including but not limited to trademarks and copyrights that allegedly may have

26

belonged to Plaintiff, was a fair use, thereby barring Plaintiff from recovery thereon.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

97.     Plaintiff's claims are barred, in whole or in part, to the extent that nay recovery by plaintiff would constitute unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses )

98.     Defendants reserve the right to assert additional affirmative defenses in the event that additional defenses become apparent during the course of the litigation.


DATED: April 25, 2011                    LEWIS BRISBOIS BISGAARD & SMITH LLP


                                        By: /s/ Jon E. Hokanson
                                            Jon E. Hokanson
                                            *Attorneys for Defendants* EFORCITY
                                            CORPORATION, ACCSTATION INC.,
                                            ITRIMMING INC. AND
                                            EVERYDAYSOURCE INC.



4812-5919-7449.1                            25                          CV 10-03216 JF

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC. ITRIMMING INC. AND
EVERYDAYSOURCE INC.'S ANSWER TO COMPLAINT;
CASE NO. CV 10-03216 JF

**FEDERAL COURT PROOF OF SERVICE**
*Apple Inc. v. Eforcity Corporation, et al.*
U.S. District Court, Northern District of CA, San Jose Division
Case No. CV 10-03216 JF

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is One Sansome Street, Suite 1400, San Francisco, California  94104.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 25, 2011, I served the following document(s):

DEFENDANTS EFORCITY CORPORATION, ACCSTATION INC.
ITRIMMING INC. AND EVERYDAYSOURCE INC.'S
ANSWER TO COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Theodore T. Herhold, Esq.<br>Andrew T. Oliver, Esq.<br>Robert D. Tadlock, Esq.<br>Kilpatrick Townsend & Stockton LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301<br><br>Telephone: (650) 326-2400<br>Facsimile:  (650) 326-2422<br>Email: ttherhold@townsend.com<br>Email: atoliver@townsend.com<br>Email: rdtadlock@townsend.com | Attorneys for Plaintiff<br>APPLE, INC. |

The documents were served by the following means:

[X]   (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 25, 2011, at San Francisco, California.



MAUREEN LIU

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP