\*\*E-Filed 5/5/2011\*\*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br>  v.<br><br>EFORCITY CORPORATION, a California corporation; ACCSTATION, INC., a California corporation; ITRIMMING, INC., a California corporation; EVERYDAYSOURCE, INC., a California corporation; UNITED INTEGRAL, INC., a California corporation; CRAZYONDIGITAL, INC., a California corporation; BOXWAVE COPORATION, a Nevada corporation; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No. 5:10-cv-03216 JF (HRL)<br><br>**ORDER[1] DENYING MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>[Re: Docket No. 65] |

      Defendants eForCity Corporation, Accstation, Inc., Itrimming, Inc., and Everydaysource, Inc. (collectively "Eforcity") move to strike portions of the complaint filed by Plaintiff Apple, Inc. ("Apple"). Specifically, Eforcity seeks to strike the phrase "at least" as related to allegations of infringement. *See* Compl. ¶¶ 33, 38, 43, 48, 53, 58, 63 (stating that certain Eforcity products infringe at least one designated claim of the relevant Apple patents). The Court, in its discretion, finds this matter suitable for resolution without oral argument. *See*

---

[1] This disposition is not designated for publication in the official reports.

Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

In its previous ruling denying Eforcity's motion to dismiss, the Court indicated that the inclusion of the phrase "at least" does not violate the applicable pleading standards. Order Denying Motion to Dismiss and Granting Motion to Strike Portions of Plaintiff's Complaint at 5, Dkt. 70. Eforcity's concern that the phrase amounts to a threat of future infringement accusations is unfounded. As the Court stated previously, "any future expansion of Apple's claims obviously would be subject to the notice provisions of Fed. R. Civ. P. 15." *Id.* at 5-6. Likewise, the phrase does not signify that Apple has failed to conduct a reasoned inquiry into Eforcity's potential infringement of the patents-in-suit as required by Rule 11. *See Id.* at 5.

## IV. ORDER

Good cause therefor appearing, the motion to strike is DENIED. As the motion does not appear to have been presented for an improper purpose, Apple's request for attorneys' fees is DENIED.

IT IS SO ORDERED.

DATED: May 5, 2011

_____
JEREMY FOGEL
United States District Judge

Case No. 5:10-cv-03216-JF (HRL)
ORDER DENYING MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT
(JFLC1)